Opinion
WERDEGAR, J.
In making an award of backpay under Labor Code section 132a[1] to an employee wrongfully denied reinstatement because of an industrial injury, may the Workers’ Compensation Appeals Board (WCAB) include prejudgment interest on the lost wages so awarded? Harmonizing the Civil Code’s mandate of entitlement to prejudgment interest on damages due on a particular day (Civ. Code, § 3287, subd. (a)) with the provisions of the Labor Code governing WCAB awards, we conclude such an award is permitted, and indeed required, when the criteria of Civil Code section 3287 are met.
Factual and Procedural Background
Petitioner Lome Currie, a bus driver employed by respondent Los Angeles County Metropolitan Transportation Authority (LACMTA), suffered industrial injuries in 1990 and 1991. He was on medical leave from September 25, 1991, to September 25, 1992, on which date his employment was terminated for exceeding the leave permitted under his union contract. Although he had been medically unable to return to his regular work before his termination, his treating physician reported him cleared for regular work without any restrictions on December 10, 1992.
In a decision dated June 25, 1997, the WCAB found that petitioner’s termination did not violate section 132a, but that LACMTA’s refusal to reinstate him after December 10, 1992, did violate that statute.[2] Petitioner was awarded, inter alia, “lost wages and work benefits.” On October 14, 1998, the WCAB awarded petitioner backpay of around $200,000, with interest from the date of the June 25, 1997, decision. In a later decision, the *1112 workers’ compensation judge also awarded prejudgment interest, payable from the dates of accrual of the lost wages, noting that “defendant has had the use of applicant’s unpaid wages for a period of between 1 and 6 years.” On reconsideration, however, the WCAB found, relying on section 5800, that only pcwfjudgment interest was allowable on section 132a awards.
On Currie’s petition for writ of review (see § 5950), the Court of Appeal agreed with the WCAB that the board could not award prejudgment interest. The appellate court denied the petition summarily, but briefly stated its reasons: “Section 132a provides for a comprehensive remedy, which does not include interest. . . . Interest is specifically governed by section 5800, and alleged equitable powers cannot override the expressed intent of the Legislature. Furthermore, the Civil Code, civil law and damages are distinguishable from workers’ compensation.”
We granted Currie’s petition for review and issued a writ of review returnable before this court.
Discussion
Section 132a, paragraph (1) states: “Any employer who discharges, or threatens to discharge, or in any manner discriminates against any employee because he or she has filed or made known his or her intention to file a claim for compensation with his or her employer or an application for adjudication, or because the employee has received a rating, award, or settlement, is guilty of a misdemeanor and the employee’s compensation shall be increased by one-half, but in no event more than ten thousand dollars ($10,000), together with costs and expenses not in excess of two hundred fifty dollars ($250). Any such employee shall also be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer.” Section 132a is located in division 1 of the Labor Code, titled “Department of Industrial Relations.”
Section 5800 provides in pertinent part: “All awards of the appeals board either for the payment of compensation or for the payment of death benefits, shall carry interest at the same rate as judgments in civil actions on all due and unpaid payments from the date of the making and filing of said award.” Section 5800 is located in division 4 of the Labor Code, titled “Workers’ Compensation and Insurance.”
Section 3207, also located in division 4 of the Labor Code, states: “ ‘Compensation’ means compensation under Division 4 and includes every benefit or payment conferred by Division 4 upon an injured employee, *1113 including vocational rehabilitation, or in the event of his death, upon his dependents, without regard to negligence.”
The question is whether these and/or other statutory provisions authorize or prohibit the WCAB’s award of prejudgment interest on backpay awards.

Section 5800

The WCAB and the Court of Appeal relied on section 5800’s specification of pastjudgment interest as an implied exclusion of the authority to award prejudgment interest. Their reliance was misplaced, however, because section 5800 does not apply to awards of backpay under section 132a. The “reimbursement for lost wages” provided for under section 132a is not “payment of compensation or . . . payment of death benefits” governed by section 5800.
In City of Moorpark v. Superior Court (1998) 18 Cal.4th 1143 [77 Cal.Rptr.2d 445, 959 P.2d 752], we held section 132a did not provide the exclusive remedy for employment discrimination based on a disability arising from an industrial injury. We observed that sections 3600 and 3602, which set forth the exclusivity of the workers’ compensation remedy as against an employer, apply only to “[liability for the compensation provided by this division” (§ 3600, subd. (a)), i.e., division 4 of the Labor Code, and that “compensation” was further defined in section 3207 as “compensation under Division 4,” while section 132a is in division 1 of the code. (City of Moorpark v. Superior Court, supra, at pp. 1154-1155.) “Thus, the plain language of the exclusive remedy provisions of the workers’ compensation law apparently limits those provisions to division 4 remedies. Remedies that the Legislature placed in other divisions of the Labor Code are simply not subject to the workers’ compensation exclusive remedy provisions.” (id. at p. 1155.)
The same reasoning dictates the conclusion that section 132a backpay is not subject to any limitation on interest implicit in section 5800. The subject matter of section 5800 is “awards of the appeals board either for the payment of compensation or for the payment of death benefits.” Obviously, an award of backpay under section 132a is not a death benefit. Nor is it “compensation” within the meaning of section 5800, because that term, according to section 3207, “means compensation under Division 4.” Section 132a’s authorization of “reimbursement for lost wages and work benefits” to a victim of discriminatory action appears in division 1 of the Labor Code and is separate and distinct from the compensation for industrial injuries provided for in division 4. Section 5800 simply does not apply here.
*1114 The WCAB’s contrary interpretation of sections 132a and 5800 “is entitled to consideration and respect by the courts.” (Yamaha Corp. of America v. State Bd. of Equalization (1998) 19 Cal.4th 1, 7 [78 Cal.Rptr.2d 1, 960 P.2d 1031].) As we further explained in that case, however, “[c]ourts must . . . independently judge the text of the statute,” (ibid.) and “agency interpretations are not binding or necessarily even authoritative” (id. at p. 8). Here the WCAB reasoned that “Labor Code section 5800 clearly and explicitly sets forth the interest that is allowable on compensation payments. Interest runs from the date of making and filing an award.” Thus, the board read section 5800 as disallowing prejudgment interest on payments of “compensation,” a category the board took to include section 132a backpay awards. In categorizing section 132a as a “compensation” provision, however, the WCAB failed to consider either section 3207, which defines “compensation” as the benefits available under division 4 of the Labor Code, a division not including section 132a, or this court’s decision in City of Moorpark v. Superior Court, supra, 18 Cal.4th 1143, in which we held the remedies provided in section 132a for employment discrimination and retaliation were not “compensation” as defined in section 3207 and as that term is used in division 4 of the code. On independent review, therefore, the WCAB’s interpretation of section 5800 is seen to be erroneous, despite the judicial respect and consideration it commanded.
The dissent takes the view that the reference to division 4 of the Labor Code in section 3207’s definition of compensation “was clearly not meant to be restrictive” because section 3207 also includes as compensation a type of benefits, vocational rehabilitation, that is not authorized by division 4. (Dis. opn., post, at p. 1120.) Interpreting section 3207 according to its terms, however, we must disagree. That the Legislature expressly included vocational rehabilitation benefits within the definition of compensation does not indicate an intent to impliedly include any other type of non-division-4 payments, such as backpay ordered under section 132a. Moreover, vocational rehabilitation and backpay ordered under section 132a are not functionally comparable. The former, like division 4’s permanent and temporary disability benefits, compensates the employee for an industrial injury; the latter remedies discriminatory or retaliatory termination. “ ‘Compensation’ of an employee in the form of wages or salary for services performed, does not have the same meaning as the word ‘compensation’ in the Workmen’s Compensation Act. The former is remuneration for work done; the latter is indemnification for injury sustained.” (Hawthorn v. City of Beverly Hills (1952) 111 Cal.App.2d 723, 728 [245 P.2d 352], fn. omitted; accord, Mannetter v. County of Marin (1976) 62 Cal.App.3d 518, 521-522 [133 Cal.Rptr. 119].)

*1115
Civil Code Section 3287

Petitioner and an amicus curiae, the California Applicants’ Attorneys Association, rely on Civil Code section 3287, subdivision (a) as authority for the award of prejudgment interest. That statute provides, in pertinent part: “Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day . . . .” For reasons given below, we agree that Civil Code section 3287, subdivision (a) applies to backpay awards made under Labor Code section 132a.
“Amounts recoverable as wrongfully withheld payments of salary or pensions are damages within the meaning of [Civil Code section 3287, subdivision (a)]. [Citations.] Interest is recoverable on each salary or pension payment from the date it fell due. [Citation.]” (Olson v. Cory (1983) 35 Cal.3d 390, 402 [197 Cal.Rptr. 843, 673 P.2d 720]; see also Sanders v. City of Los Angeles (1970) 3 Cal.3d 252, 262 [90 Cal.Rptr. 169, 475 P.2d 201] [“action to recover retroactive pay increases is an action for damages within the meaning of section 3287 of the Civil Code”].) As we explained in Mass v. Board of Education (1964) 61 Cal.2d 612 [39 Cal.Rptr. 739, 394 P.2d 579], involving a wrongfully suspended public schoolteacher, once the obligation to pay retroactive wages is established, interest under Civil Code section 3287 properly accompanies reinstatement and a backpay award in order to make the employee whole: “Each salary payment in the instant case accrued on a date certain. Unless the suspension itself can be sustained and the board thus relieved of any obligation whatsoever, the salary payments became vested as of the dates they accrued. If plaintiff had not been wrongfully suspended, he would have obtained the benefit of the moneys paid as of those dates; he has thus lost the natural growth and productivity of the withheld salary in the form of interest.” (Mass v. Board of Education, supra, at p. 625.) Awards of backpay generally, then, are damages for purposes of Civil Code section 3287. We still must ask, however, whether the statute applies to an award made by an administrative agency, here the WCAB, and whether anything in Labor Code section 132a was intended to preclude such interest.
Civil Code section 3287 has frequently been applied to administrative agencies’ retroactive awards of government assistance, wages, or retirement benefits, whether the awards were made initially by the agency or ordered by writ of mandate by a court. (See, e.g., Tripp v. Swoap (1976) 17 Cal.3d 671, 675, 678-685 [131 Cal.Rptr. 789, 552 P.2d 749] [state agency properly ordered to pay applicant wrongfully denied welfare benefits retroactively, *1116 with interest from date they should have begun]; San Diego County Deputy Sheriffs Assn. v. San Diego County Civil Service Com. (1998) 68 Cal.App.4th 1084, 1086 [80 Cal.Rptr.2d 712] [under Civ. Code, § 3287, “when an administrative agency determines an employee’s employment was wrongfully terminated, and reinstates the employee’s employment with backpay, the agency must include interest in the award of wrongfully withheld backpay”]; Goldfarb v. Civil Service Com. (1990) 225 Cal.App.3d 633, 635-637 [275 Cal.Rptr. 284] [civil service commission must pay interest, under Civ. Code, § 3287, on backpay awarded to wrongfully demoted county employee]; Austin v. Board of Retirement (1989) 209 Cal.App.3d 1528, 1531-1534 [258 Cal.Rptr. 106] [county retirement board was properly ordered to award retroactive retirement benefits with interest from last day of service].)[3] Backpay awarded by an administrative agency, therefore, may be considered damages for purposes of Civil Code section 3287’s mandate of interest.
WCAB awards of prejudgment interest under Civil Code section 3287 are consistent with both the letter and the spirit of Labor Code section 132a. Nothing in section 132a expressly or impliedly precludes such an award. Indeed, the statute’s authorization of “reimbursement for lost wages” could reasonably be understood as impliedly authorizing accompanying interest, since without such interest the employee will not be fully reimbursed for the value of the lost wages. {Mass v. Board of Education, supra, 61 Cal.2d at p. 625.) The lack of express authorization for interest in section 132a is not significant. “Such a provision would be redundant, as the Legislature provided elsewhere, and generally, in Civil Code section 3287 . . . , for the recovery of interest . . . , the right to recover which is vested in the claimant on a particular day.” (Austin v. Board of Retirement, supra, 209 Cal.App.3d at p. 1532; accord, Goldfarb v. Civil Seryice Com., supra, 225 Cal.App.3d at p. 637.)
As to spirit, we observe that Labor Code section 132a itself declares it is the “policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment.” Adhering to that statement of legislative policy, we have construed the statute as serving, in part, “a remedial function, by providing some compensation to the aggrieved worker for discrimination incurred as the result of his injury.” (Judson Steel Corp. v. Workers’ Comp. Appeals Bd. (1978) 22 Cal.3d *1117 658, 668 [150 Cal.Rptr. 250, 586 P.2d 564]; see also Dyer v. Workers’ Comp. Appeals Bd. (1994) 22 Cal.App.4th 1376, 1385 [28 Cal.Rptr.2d 30] [concluding § 132a’s “provision for reimbursement is remedial in character”].) The Legislature clearly intended that employee victims of discrimination would be made whole at least to the extent of their lost wages. Within that limit, “the Legislature left application of the provision for reimbursement to the broad equitable discretion of the WCAB.” (Dyer v. Workers’ Comp. Appeals Bd., supra, at p. 1385.) An award of interest under Civil Code section 3287 is consistent with this remedial purpose. Indeed, as we have already noted, without prejudgment interest the backpay remedy may lose a significant portion of its value, and the employee left less than fully “reimburse[d]” (§ 132a, par. (1)) for his or her lost wages.
Because the WCAB is expressly authorized to award “reimbursement for lost wages” under Labor Code section 132a, and because the inclusion of prejudgment interest in such a backpay award is mandated by Civil Code section 3287, inclusion of interest in the backpay award does not violate the principle that an administrative agency cannot create a remedy the Legislature has withheld. (See Dyna-Med, Inc. v. Fair Employment & Housing Com. (1987) 43 Cal.3d 1379, 1389 [241 Cal.Rptr. 67, 743 P.2d 1323].) Contrary to the warning LACMTA tries to sound, our decision here, recognizing that the WCAB must sometimes include prejudgment interest in its backpay awards under section 132a, will not open the door to WCAB awards of punitive damages or damages for emotional distress. That prejudgment interest may be awarded to ensure the employee victimized by discrimination receives full “reimbursement” for backpay, undiminished in value by the employer’s failure to pay the wages at the times due, does not suggest the WCAB has the authority to award damages of types not mentioned in section 132a and generally reserved to the judicial power. (See Walnut Creek Manor v. Fair Employment & Housing Com. (1991) 54 Cal.3d 245, 262 [284 Cal.Rptr. 718, 814 P.2d 704] [distinguishing between “ ‘restitutive’ ” damages such as backpay, which are commonly and permissibly placed within the statutory authority of administrative agencies, and “nonquantifiable compensatory” and punitive damages, which are ordinarily and traditionally reserved to the courts]; see also Cortez v. Purolator Air Filtration Products Co. (2000) 23 Cal.4th 163, 177 [96 Cal.Rptr.2d 518, 999 P.2d 706] [although included as damages under the Civil Code, backpay is also an authorized equitable remedy for illegal withholding of wages under the unfair competition law].)
Finally, respondent LACMTA contends this court’s decision in American Federation of Labor v. Unemployment Ins. Appeals Bd. (1996) 13 Cal.4th 1017 [56 Cal.Rptr.2d 109, 920 P.2d 1314] (AFL) indicates the WCAB may not award prejudgment interest on backpay awards. We disagree. AFL did *1118 not decide or discuss any question regarding the statutory authority of the WCAB; it decided only the “narrow question” (id. at p. 1021) of whether an administrative law judge acting on behalf of the Unemployment Insurance Appeals Board may award interest on unemployment benefits previously denied by the Employment Development Department. As we have just seen, inclusion of Civil Code section 3287 interest in backpay awards under Labor Code section 132a is within the WCAB’s statutory authority to ensure full reimbursement of lost wages to employees discriminatorily denied payment at the time the wages were due. AFL, concerned as it was with the very different statutory scheme governing unemployment insurance benefits, is not apposite on this central point.
In holding interest was not authorized either under the unemployment insurance laws or under Civil Code section 3287, the AFL majority emphasized that certain delays were inherent in the administrative process, but concluded these delays “are not. . . tantamount to a ‘wrongful withholding’ of benefits giving rise to a right to section 3287(a) prejudgment interest once the Board rules in favor of the claimant.” (AFL, supra, 13 Cal.4th at p. 1026.) Thus, “[t]he central theme of AFL ... is that interest is not available absent an agency decision or action which has resulted in wrongful withholding of, and corresponding delay in receiving, benefits to which the claimant is entitled. (See Weber v. Board of Retirement (1998) 62 Cal.App.4th 1440, 1450 [73 Cal.Rptr.2d 769] [73 Cal.Rptr.2d 769].) The AFL court extensively explained that the unemployment insurance scheme contemplates several steps and inherently involves some minimal delay before there is a determination of eligibility for the benefit. . . . Accordingly, when a claimant is found entitled to benefits at one of the administrative levels, there has been no wrongful delay or action in receiving benefits on which to predicate an award of prejudgment interest by the agency. (AFL, supra, 13 Cal.4th at p. 1037.)” (San Diego County Deputy Sheriffs Assn. v. San Diego County Civil Service Com., supra, 68 Cal.App.4th at pp. 1094-1095, fn. omitted.)
Here we are concerned not with an inherent administrative delay in providing government benefits, but with wages withheld from an employee in violation of Labor Code section 132a. The WCAB determined this legal violation began in December 1992, when petitioner should have been, but was not, reinstated to his previous position. The wages wrongfully withheld from that point on, until reinstatement and backpay were ordered in June 1997, came due on the dates they would have been paid had petitioner been reinstated. (Mass v. Board of Education, supra, 61 Cal.2d at p. 625.) Petitioner seeks interest under Civil Code section 3287, not to make up for the delay inherent in an administrative process, as in AFL, supra, 13 Cal.4th *1119 1017, but to make up for the lost use of his wages wrongfully withheld between 1992 and 1997.
In summary, although Labor Code section 132a does not itself expressly authorize the addition of prejudgment interest to an award of backpay to a victim of discrimination, Civil Code section 3287 requires such interest on damages due on a particular date, including awards of backpay, when they are certain or capable of being made certain by calculation. Neither section 5800 nor any other provision of the Labor Code cited to us or discovered in our research precludes addition of interest to a backpay award, and addition of interest would serve the remedial purpose of section 132a. Harmonizing the provisions of the Labor and Civil Codes to further the overall legislative goals, therefore, we conclude the WCAB may and must, when the criteria of Civil Code section 3287 are met, add to its awards reimbursing employees for lost wages and work benefits interest from the dates such wages and benefits would have become due had the employer not acted in violation of section 132a. Because the WCAB denied petitioner interest in the belief such an award was unauthorized, it must reconsider its award in this case.[4]
Disposition
The matter is remanded to the WCAB for further proceedings consistent with our opinion. (See § 5953.)
George, C. J., Mosk, J., Kennard, J., Baxter, J., and Chin, J., concurred.

Unless otherwise specified, all further statutory references are to the Labor Code.

The WCAB, citing a dictum regarding reinstatement rights in Jordan v. Workers’ Comp. Appeals Bd. (1985) 175 Cal.App.3d 162, 166 [220 Cal.Rptr. 554], found the refusal to reinstate violated section 132a because LACMTA “failed to show a business necessity for its refusal to reinstate applicant in December 1992.” LACMTA did not seek judicial review of this finding, the correctness of which is therefore not before us.

As these cases indicate, and contrary to the dissent’s apparent assumption (see dis. opn., post, at p. 1120), the terms “benefits” and “damages” are not mutually exclusive. Welfare and retirement payments, for example, can be referred to as benefits or, when awarded in relief of a legal claim, as damages. “Damages,” for purposes of Civil Code section 3287, are simply the monetary relief a person is entitled to recover in “compensation” for “detriment from the unlawful act or omission of another.” (Civ. Code, § 3281.)

In its answer brief in the Court of Appeal and its answer to the petition for review, LACMTA argued, in the alternative, that even if prejudgment interest could be included in Labor Code section 132a awards, it would not properly be awarded in this case under Civil Code section 3287 because factual disputes concerning the date upon which Currie was entitled to reinstatement made vesting of the damages too uncertain. That issue was not discussed by the Court of Appeal, nor has LACMTA raised the issue in its sole brief on the merits filed herein, an answer brief to an amicus curiae brief. We decline to address the issue in the first instance, but our decision does not preclude the WCAB from doing so on remand.