[No. B163797. Second Dist., Div. Two. Oct. 22, 2003.]

UTILITY AUDIT COMPANY, INC., Plaintiff and Respondent, v. CITY OF LOS ANGELES, Defendant and Appellant.

COUNSEL

Rockard J. Delgadillo, City Attorney, Michael L. Claessens, Assistant City Attorney, and Laurie Rittenberg, Deputy City Attorney, for Defendant and Appellant.

Elena Reyes for Plaintiff and Respondent.

OPINION

**NOTT, J.**—This appeal raises two central issues. First, should a refund of improperly collected sewer fees include interest? We hold that it should. Second, does the voluntary payment of such a refund, made without regard to any period of limitations defenses, equal a waiver of such defenses as to the payment of interest? We hold that it does not.

## INTRODUCTION

The City of Los Angeles (City) appeals from a judgment entered in favor of Utility Audit Company, Inc. (Utility), in Utility's consolidated actions to recover interest on refunds paid voluntarily by the City. Utility is the assignee of claims for sewer service fee refunds. The trial court granted summary judgment in the amount of approximately $850,000 in favor of Utility for unpaid interest on the refunds, finding that statutes of limitations and claims filing periods had either been waived or did not apply to bar any portion of the claims. We conclude that the City raised triable issues of fact regarding the application of the statute of limitations and claims filing periods and, accordingly, we reverse.

## BACKGROUND

Beginning in 1972, the City assessed sewer service charges against certain property owners who did not use the City's sewer system, but rather used septic tanks or only used Los Angeles County (County) services. Some owners used the sewer facilities of the County, but they used City sewer lines to transport sewage to County treatment facilities. Although the City's policy was to charge 15 percent of its standard sewer fee for transport, certain of these property owners were charged the full amount for sewer service by the City, in addition to the County's fee.

The problem received attention at the state and local levels. The Legislature enacted section 53082 of the Government Code, which requires that local agencies "refund any sewer service fees collected for which no services were

delivered." (Gov. Code, § 53082, subd. (a).) The statute also provides: "[W]here a person paid fees . . . and is still residing at the same location, it shall be the responsibility of the local agency, upon determination that the premises is not connected to the sewer system, to return fees in their entirety, regardless of the amount of time the fees were wrongly collected." (*Id.*, subd. (c).) Section 53082, subdivision (e) states that "No statute of limitations shall apply to claims for fees paid before January 1, 1992. For fees paid on or after January 1, 1992, claims shall be filed within 180 days of the date of payment." The statute does not address the question of whether interest must be paid on the returned funds.

Locally, the City approved a series of measures. In 1996, the City adopted a policy of crediting the utility bills of customers who were overcharged for the use of City sewer lines to transport sewage to County treatment facilities without regard for any limitations period. In 1999, the City adopted a policy that provided for cash refunds to customers and waived the cut-off claim period for claimants who received no City sewer services. Both policies limited the amount of any refund to actual overpayments made, without interest.

## PROCEDURAL AND FACTUAL SUMMARY

In January 2001, Utility filed an action seeking interest on certain sewer fee refunds made by the City. (*Utility Audit Company, Inc. v. City of Los Angeles* (Super. Ct. L.A. County, 2001, No. BC 243447).) It subsequently filed a first amended complaint (FAC) "for declaratory relief and for recovery of interest on money had and received." The FAC alleges liability based upon Civil Code section 3287, subdivision (a), Health and Safety Code section 5473.8, and the United States Constitution.

The FAC alleges the following. Twenty parties assigned their causes of action to Utility for collection. Utility submitted claims to the City "for refund and interest thereon, for overcharged sewer service charges." The claims were submitted on various dates between 1996 and 2000, and the City rejected the claims as to interest on various dates in 1999 and 2000.

The City answered the FAC. It admitted "that it denied interest on the sewer fee refunds to all of the entities" in question. It also admitted that it "inadvertently and mistakenly collected sewer fees from some residents in the Los Angeles area since 1972, and that City paid the refunds." The City asserted 14 affirmative defenses, including that it is immune from claims for money had and received, that section 3287 of the Civil Code does not provide for interest under these circumstances, that the claim is barred by the statute of limitations, that the fees are not taxes and therefore not subject to interest, and that Utility failed to comply with claims presentation requirements.

Utility filed a motion for summary judgment. In July 2002, before the motion was heard, Utility filed a second action seeking interest on sewer fee refunds on behalf of 12 additional claimants (*Utility Audit Company, Inc. v. City of Los Angeles* (Super. Ct. L.A. County, 2002, No. BC 277134)). Their claims were alleged to have been made in 2000 and 2001. The City answered the complaint. The trial court determined that the two cases were related and consolidated them. The parties filed supplemental motion papers dealing with the added claimants.

Utility submitted papers in support of its motion that tend to show the following. Claimants are individuals who were billed and paid full sewer service charges even though some of them were not connected to the City's sewer system and others received only transport by the City's sewer system. Claimants assigned their claims to Utility. The City determined that it would refund the overpayments of customers with no sewer service, consistent with section 53082 of the Government Code, and credit the accounts of the customers who received transport to a County sewage facility.

In 1998, some of the claimants appealed the City's decision, seeking full refunds without application of any limitations period and interest. The City adopted a new policy in May 1999, and made full refunds without regard to any limitations period. It continued to deny interest.

Utility urged that a claim for money had and received is proper against a city, that Civil Code section 3287, subdivision (a), Health and Safety Code section 5473.8, and the United States and California Constitutions obligate the City to pay interest on the overcharges at 10 percent per annum, that the statute of limitations was tolled during the administrative process, and that no facts support the City's defense based upon the Tort Claims Act.

The City opposed the motion. It stated that triable issues of material fact exist with regard to the timing of the claims and limitations on potential recoveries. It argued that claims and limitations periods bar the interest payments, that the City has no authority or duty to pay interest on sewer fee refunds, and that Utility's interest calculation was incorrect.

The trial court granted Utility's motion for summary judgment, and entered judgment in the amount of $848,407.85, an amount agreed to by the parties as an accurate calculation assuming a 10 percent interest rate on the full refunds without regard for claims filing or limitations periods.[1] This appeal followed.

---

[1] The parties have not contended on appeal that interest, if any, should be calculated at a rate other than 10 percent.

## DISCUSSION

### I. *Standard of review*

"A plaintiff . . . has met [its] burden of showing that there is no defense to a cause of action if that party has proved each element of the cause of action entitling the party to judgment on that cause of action. Once the plaintiff . . . has met that burden, the burden shifts to the defendant . . . to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto." (Code Civ. Proc., § 437c, subd. (p)(1).)    ■    On appeal from the granting of a motion for summary judgment, we review the ruling de novo. (*Kline v. Turner* (2001) 87 Cal.App.4th 1369, 1373 [105 Cal.Rptr.2d 699].) We exercise our independent judgment on questions of law. (*Austin v. Board of Retirement* (1989) 209 Cal.App.3d 1528, 1531 [258 Cal.Rptr. 106].)

### II. *Bases for liability*

#### A. *Civil Code section 3287*

■    Under Civil Code section 3287(a), interest may generally be recovered against anyone, including governmental entities, for damages capable of being ascertained on a date certain.[2]

Relying upon *Weber v. Board of Retirement* (1998) 62 Cal.App.4th 1440 [73 Cal.Rptr.2d 769] (*Weber*), the City contends that Civil Code section 3287 does not authorize interest on the sewer service fee refunds. In that case, the court cited *American Federation of Labor v. Unemployment Ins. Appeals Bd.* (1996) 13 Cal.4th 1017 [56 Cal.Rptr.2d 109, 920 P.2d 1314] (*AFL-CIO*), for the proposition that employees are not entitled to interest on the lump sum portion of their disability benefits awarded to them by a county board of retirement because there has been no potential wrongful withholding of benefits until the board determines that the claimant is eligible for benefits. (*Weber,* at p. 1447.) In *Currie v. Workers' Comp. Appeals Bd.* (2001) 24 Cal.4th 1109 [104 Cal.Rptr.2d 392, 17 P.3d 749] (*Currie*), however, our Supreme Court held that prejudgment interest is required under section 3287 of the Civil Code where the Workers' Compensation Appeals Board awards reinstatement and backpay for discrimination. It distinguished *Weber* and

---

[2] Civil Code section 3287 provides, in pertinent part: "(a) Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the state or any county city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state."

*AFL-CIO* on the ground that the plaintiffs in those cases were seeking interest to make up for delay inherent in an administrative process, while the *Currie* plaintiff was seeking interest to make up for the lost use of wages wrongfully withheld. (*Currie,* at pp. 1118–1119.) In the present case, Utility is not seeking interest to account for delay inherent in the administrative process, but rather to make up for the loss of use of their funds. We conclude that section 3287 of the Civil Code authorizes the recovery of interest on the refund amounts.

### B. *Constitutional taking*

The City contends that mistakenly assessing and collecting sewer service fees do not constitute a constitutional taking. We agree. Utility provides no authority for its position that an inadvertent overcharge converts a lawful service fee to a constitutional taking.

### C. *Taxes*

The City contends that the sewer fees at issue are user fees, not taxes or special assessments, and therefore are not subject to interest. We agree with the first part of that contention, but not the second. ■ User fees are amounts charged to a person using a service where the amount of the charge is generally related to the value of the services provided. (*Isaac v. City of Los Angeles* (1998) 66 Cal.App.4th 586, 597 [77 Cal.Rptr.2d 752].) As a general matter, sewer service fees are user fees. That overcharges were made in some instances does not change their characterization to that of a tax.

The City also challenges Utility's position that Revenue and Taxation Code provisions for payment of interest on tax refunds are made applicable to sewer service fees by section 5473.8 of the Health and Safety Code. ■ Section 5471 of the Health and Safety Code grants local entities power to prescribe and collect fees for sewer services. Section 5473 grants them the power to have such charges collected on the tax roll. Section 5473.8 provides: "All laws applicable to the levy, collection and enforcement of general taxes of the entity, including, but not limited to, those pertaining to the matters of delinquency, correction, cancellation, refund and redemption, are applicable to *such charges* . . . ." (*Emphasis* added.) The charges referred to are sewer service charges collected on the tax roll, not sewer service fees generally.

### D. *Money had and received*

■ In California, all government tort liability must be based upon statute. (Gov. Code, § 815; *County of Los Angeles v. Superior Court* (2002) 102

Cal.App.4th 627, 637 [125 Cal.Rptr.2d 637].) The City contends that recovery under a theory of money had and received is not available because the common count is not a statutory basis for liability. Section 814 of the Government Code allows for liability based upon "contract or the right to obtain relief other than money or damages against a public entity." Section 815 of the Government Code provides that "A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." (*Id.*, subd. (a).)

"As Witkin states in his text, 'A common count is proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished. It makes no difference in such a case that the proof shows the original transaction to be an express contract, a contract implied in fact, or a quasi-contract.' [Citation.]" (*Kawasho Internat., U.S.A., Inc. v. Lakewood Pipe Service, Inc.* (1983) 152 Cal.App.3d 785, 793 [201 Cal.Rptr. 640].) A claim for money had and received can be based upon money paid by mistake, money paid pursuant to a void contract, or a performance by one party of an express contract. (See *Schultz v. Harney* (1994) 27 Cal.App.4th 1611, 1623 [33 Cal.Rptr.2d 276]; *Kawasho Internat., U.S.A., Inc. v. Lakewood Pipe Service, Inc., supra*, 152 Cal.App.3d at p. 793.) " 'Whether an action is based on contract or tort depends upon the nature of the right sued upon, not the form of the pleading or relief demanded. If based on breach of promise it is contractual; if based on breach of a noncontractual duty it is tortious. [Citation.] If unclear the action will be considered based on contract rather than tort. [Citation.]' " (*Roe v. State of California* (2001) 94 Cal.App.4th 64, 69 [113 Cal.Rptr.2d 900].) Here, the County merely realleged the factual basis for Utility's declaratory relief claim: that the City paid refunds to the claimants, but rejected their demands for interest. A claim for refund of overcharges, without more, appears to be based upon breach of a contractual duty. In addition, Utility provided statutory basis for the recovery, Civil Code section 3287. The City has not shown that the claim is barred by governmental tort immunity.

### E. *Government Code section 53082*

The City contends that because Government Code section 53082 does not expressly provide for the payment of interest, it has no statutory duty to pay interest on the sewer fee refunds. We disagree. *Currie* addresses this point. It holds that the lack of express authorization for interest in a statute that provides for an award does not prevent the recovery of interest on the award under section 3287 of the Civil Code. It reasoned that such a statute did not expressly or impliedly preclude the award of interest and that the provision would be redundant where the Legislature has provided for interest under

section 3287 of the Civil Code. (*Currie, supra,* 24 Cal.4th at p. 1116.) We hold that an award of interest is consistent with the intent of Government Code section 53082, to refund wrongfully assessed sewer service fees, and section 3287 of the Civil Code supports the award of interest.

### III. *Claims filing and limitations periods*

#### A. *Waiver*

Many of the City's contentions concern whether Utility's recovery of interest on behalf of the claimants is barred by applicable limitations or claims filing periods. Utility urges that the City waived these points by refunding the overcharges in full without asserting their provisions.

■ Waiver requires an existing right, benefit, or advantage, actual or constructive knowledge of the right's existence, and either an actual intention to relinquish it or conduct so inconsistent with any intent to enforce the right as to induce a reasonable belief that it has been relinquished. (*In re Marriage of Paboojian* (1987) 189 Cal.App.3d 1434, 1437 [235 Cal.Rptr. 65]; *Rubin v. Los Angeles Fed. Sav. & Loan Assn.* (1984) 159 Cal.App.3d 292, 298 [205 Cal.Rptr. 455].) The waiver of a legal right cannot be established without a clear showing of intent to give up such right. (*Pacific Valley Bank v. Schwenke* (1987) 189 Cal.App.3d 134, 145 [234 Cal.Rptr. 298].) "The burden is on the party claiming the waiver to prove it by clear and convincing evidence that ' " 'does not leave the matter doubtful or uncertain . . . .' " ' [Citation.]" (*Ibid.*)

In the present case, the City was aware of the limitations and claims filing periods, and intentionally declined to apply them to the payment of refunds. A memo from the chair of the City's environmental quality and waste management committee states: "This legislation [section 53082 of the Government Code] did limit the refunds to 180-days of charges for those claims filed after January 1, 1992. However, because these residences and businesses did not receive any sewer services from the City, a full refund, without consideration of the claim deadline, seems consistent with the state statutory mandate that local agencies refund any sewer service fees collected for which no services were delivered." The same memo reports, "On November 13, 1996, a Council action nullified all statutes of limitations on refunds for customers whose sewage is treated at the Carson [County sewer treatment] plant, but who paid the full rate [sewer service charge]."

The City's refusal to pay interest was made on grounds other than application of any limitations period. It did not believe it was legally required to pay interest. A report to the City Council from the budget and finance

committee in 1999 states: "The City prefers to improve its claim processing rather than pay penalties [interest] which would involve additional administrative staff and expense. Inasmuch as the City does not charge interest on overdue SSC bills, the [City administrative officer] believes it is not necessary to pay interest on overpayments by customers." A memo from the chair of the City's environmental quality and waste management committee to the City Council, also in 1999, states: "Since interest is mentioned neither [in] Government Code Section 53082 for residences and businesses with septic tanks nor in the 1996 Council action for County Sanitation District customers, including interest in refunds is outside the intent of both. Furthermore, governmental entities usually do not include interest when back-billing a customer."

█ Utility provided no evidence that the City knowingly and intentionally waived limitations and claims filing periods with regard to interest payments. The City's decision to pay full refunds is not necessarily inconsistent with its assertion of limitations periods with regard to interest payments. The full refund payments may instead be seen as a compromise—the City was willing to pay greater refunds than legally required, but drew the line at also paying interest. Had it believed that interest was owing, it might well have asserted the limitations periods with regard to the refunds themselves. Relevant limitations and claims filing periods are therefore properly applied to the claims for interest.

## B.  Government Code sections 911.2 and 945.6

The City contends that certain of the claims in issue are barred by sections 911.2 and 945.6 of the Government Code. Section 911.2 of the Government Code states: "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented . . . not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than one year after the accrual of the cause of action." █ Where a claim is filed under section 911.2 of the Government Code and no written notice of rejection is sent, a claimant is allowed two years from the accrual date of the claim to file suit (Gov. Code, § 945.6, subd. (a)(2)).

Failure to comply with the claim presentation requirements is fatal to a later cause of action. (See *Nguyen v. Los Angeles County Harbor/UCLA Medical Center* (1992) 8 Cal.App.4th 729, 732 [10 Cal.Rptr.2d 709].) Thus, claims arising more than one year prior to presentation of the claim or more than two years prior to suit are barred. (See *Baillargeon v. Department of Water & Power* (1977) 69 Cal.App.3d 670, 682–683 [138 Cal.Rptr. 338]

[one-year claims period].) Because the claims involve a continuing wrong, with a new claim arising with each overpayment, the provisions effectively limit each claim to one year.[3] (*Abbott v. City of Los Angeles* (1958) 50 Cal.2d 438, 460 [326 P.2d 484] [pension payments]; *Wells Fargo Bank v. Bank of America* (1995) 32 Cal.App.4th 424, 439, fn. 7 [38 Cal.Rptr.2d 521] [lease payments]; and see *Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809, 825 [107 Cal.Rptr.2d 369, 23 P.3d 601] [refund of illegal taxes].) Evidence submitted by the City tends to show that the claims paid exceeded these periods.

### C. *Government Code section 53082*

Government Code section 53082, subdivision (e) provides: "No statute of limitations shall apply to claims for fees paid before January 1, 1992. For fees paid on or after January 1, 1992, claims shall be filed within 180 days of the date of payment." As discussed above, the City did not waive the 180-day limitations period with regard to interest payments. The 180-day period is provided by state law and so, contrary to Utility's position, is not a municipal attempt to limit the claims filing period. Those claimants governed by section 53082 (i.e., those who received no sewer services from the City), are therefore entitled to the refund of payments made prior to January 1, 1992, including interest. For payments made thereafter, those claimants are limited to the recovery of payments made 180 days prior to the date of claim, plus interest. The City's evidence tends to show that refunds to claimants falling under this provision exceeded the 180-day period.

### D. *Accrual of the claims filing and limitations periods*

The City contends that for purposes of applying the claims filing statutes, a claim arises at the time of overpayment, and that a number of claimants did not file claims within one year[4] of accrual of their claims. Utility takes the position that a claim does not arise until the claimant becomes aware of the harm, and that in all cases the claimants promptly filed claims once it was brought to their attention that they had overpaid.

As to those claimants who received no sewer service, Government Code section 53082, subdivision (e) specifically provides that "claims shall be filed

---

[3] This limitation does not apply to pre-1992 claims governed by section 53082 of the Government Code. That section provides that no statute of limitations applies to such claims.

[4] One must keep in mind that there are two types of claimants involved in this appeal. The first are for nonusers, who come under section 53082 and are sometimes referred to as "53082 claimants." As mentioned, after January 1, 1992, those claimants are faced with a 180-day claim period. The second type are those individuals or businesses who used city sewer lines to transport sewage to a county facility. Those claimants are referred to as "transport claimants," and have a one-year period in which to file a claim.

within 180 days of the date of payment." Their claims accrued when the overpayment was made. (See *Piazza Properties, Ltd. v. Department of Motor Vehicles* (1977) 71 Cal.App.3d 622, 630 [138 Cal.Rptr. 357].)

As to those claimants who received transport of sewage, Government Code section 901 provides that "the date of the accrual of a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented to and be acted upon by the public entity before an action could be commenced thereon." ▆ A period of limitations ordinarily commences at the time when the obligation or liability arises, regardless of the plaintiff's ignorance of the cause of action. (See *Piazza Properties, Ltd. v. Department of Motor Vehicles, supra,* 71 Cal.App.3d at p. 630.) Under the general rule, a claim would accrue when the overpayment was made.

Utility relies upon an exception to the general rule: Where an action is based on fraud or mistake, the claim does not accrue until discovery of the facts by the aggrieved party. (Code Civ. Proc., § 338, subd. (d).) Even under the discovery rule, however, the limitations period begins to run when the plaintiff has information that would put a reasonable person on inquiry. (*Kline v. Turner, supra,* 87 Cal.App.4th at p. 1374.)

▆ Utility, as the assignee of the claims, is bound by any defenses available against the individual claimants. (See *Lara v. Board of Supervisors* (1976) 59 Cal.App.3d 399, 407–408 [130 Cal.Rptr. 668].) The evidence presented shows that the sewer service charges for these claimants were billed by both the City and the County, and the City provided additional information regarding billings to sewer service customers in the 1990's. The claimants paid the City sewer service charges. Utility argued that the information provided was insufficient to put the claimants on notice, but presented no evidence showing when the individual claimants became aware of information sufficient to put them on inquiry notice with regard to the overcharges. It relies upon claims letters filed by Utility and a declaration of its president which states that Utility filed each claim within days of its discovery of an overassessment. Utility failed to conclusively show that the claims arose at dates later than the time of the overpayments. Thus a triable question of fact exists on this issue.

### E. *The consolidated appeal*

▆ Limitations periods are tolled during the pendency of interrelated administrative proceedings in cases where the proceedings may be dispositive of an essential element of the cause of action. (See *Olson v. County of*

*Sacramento* (1974) 38 Cal.App.3d 958, 965 [113 Cal.Rptr. 664].) In the present case, the administrative process began with the filing of claims and concluded on May 19, 1999, for the claimants who participated in the 1998 administrative appeal.

The City put on evidence tending to show that only three claimants (Alternative Living for the Aging; Simay, Lynn doing business as Pacific Presidente Center; and Watts Labor Community Action Committee) participated in the February 8, 1998 consolidated appeal, and that the claims of others relying upon tolling are barred. Utility, however, presented evidence tending to show that additional claimants participated in the administrative process.

Utility submitted a declaration of its attorney, Elena Reyes, which states: "On February 8, 1998, I filed a consolidated appeal to the Board of Public Works in response to its failure to respond to the pending appealed claims listed in such appeal document at Exhibit B. (The appeal is included in Plaintiff's Statement of Evidence to this Motion as Exhibit 'B'.) [¶] 4. Claims for Watts Labor Community Action Committee, Gardner Apartments, aka Alternative Living for the Aged, and Pacific President Center were included in such document. [¶] 5. After the date of February 8, 1998, the following claims were approved only as to a partial refund or credits but allowed to continue the administrative process by appeal. An appropriate letter of appeal was mailed, and faxed by my office, for each claim, and by reference was included in the consolidated appeal. A copy of each determination, appeal letter, and confirmation by Defendant, is included as Exhibit 1., to this declaration." The claimants included Fujita Corporation, Kowa American Corp., Robert Patrick Bietz, Robert and Lucy Wang, and Alvin Brown, who are claimants included in the earlier lawsuit, filed in January 2001. Attached to the declaration were responses to the claims by the City after the May 1999 decision for all of those claimants except Fujita Corporation.

The City submitted a supplemental declaration of Lisa Mowery, a senior sanitary engineer in the department of public works of the City. Her declaration states: "33. Alternative Living for the Aging and Simay, Lynn DBA Pacific Presidente Center and Watts Labor Community Action Committee participated in the February 8, 1998 Consolidated Appeal. The other seventeen claimants listed on Exhibit 'A' to plaintiff's First Amended Complaint filed on March 12, 2001 were not included in the February 8, 1998 Consolidated Appeal. [¶] 34. All of the other Claimants submitted requests for sewer fee refunds and interest after the February 8, 1998 appeal was filed." We conclude that the City raised a triable issue of material fact with regard to whether the additional claimants participated in the administrative appeal.

## DISPOSITION

The judgment appealed from is reversed and remanded for proceedings consistent with this opinion. The City shall recover costs of appeal from Utility.

Boren, P. J., and Doi Todd, J., concurred.

A petition for a rehearing was denied December 17, 2003.