**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| K. JAMEL WALKER, | No. 08-56676 |
| Plaintiff - Appellant, | D.C. No. 3:05-cv-01705-LAB-NLS |
| v. | |
| JEANNE S. WOODFORD, In Her Individual and Official Capacity as Director of Adult Institutions of the CA Dept of Corrections & Rehabilitation; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 10, 2010[**]

Before: O'SCANNLAIN, HAWKINS, and IKUTA, Circuit Judges.

K. Jamel Walker, a California state prisoner formerly housed at the

Calipatria State Prison ("Calipatria"), appeals pro se from the district court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We review for abuse of discretion the denial of a request for appointment of an expert. *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). We affirm.

Plaintiff Dale Hurd did not sign the notice of appeal that was filed by Walker and did not file his own notice of appeal. *See* Fed. R. App. P. 4(a). Thus, Hurd is not a party to this appeal. *See United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007) (Rule 4(a) is both jurisdictional and mandatory); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a nonattorney does not have authority to appear as an attorney for others).

The district court did not abuse its broad discretion in denying Walker's motion for appointment of an expert under Federal Rule of Evidence 706. *McKinney v. Anderson*, 924 F.2d 1500 (9th Cir.1991), relied on by Walker, is distinguishable. In *McKinney*, there is no indication that either of the parties had retained an expert on the question at issue in that case—the health effects of second hand smoke, and the concentration levels of second hand smoke in the prison. *See*

*id.* at 1511. Further, the district court in *McKinney* erroneously believed that it did not have discretion to appoint an expert because the plaintiff would not be able to pay his proportionate share. *Id.* In contrast, here the defendants had designated an expert to address the issue on which Walker sought appointment of an expert—the effect the illumination provided by the night lights would have on an inmate's health. Moreover, the district court recognized it had discretion to appoint an expert and exercised that discretion in declining to appoint an expert.

The district court properly dismissed the claims against the medical defendants. It is undisputed that Walker was offered treatment for his symptoms. That Walker disagreed with the appropriate form of treatment does not demonstrate deliberate indifference. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

The district court properly dismissed Walker's equal protection claim because Walker did not allege that the defendants acted because of, and not merely in spite of, the adverse impact the action would have on a protected group. *See Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001).

The district court properly dismissed Walker's state law claims. Walker did not present his claim to the California Victim Compensation and Government Claims Board until almost a year after he commenced this action. To the extent

Walker's cause of action accrued on December 21, 2004, the date the new night light policy went into effect, Walker did not file a claim with the Board within six months of the accrual date and his action is therefore barred. *See* Cal. Gov't Code § 911.2 (six month deadline); *Utility Audit Co. v. City of Los Angeles*, 5 Cal. Rptr. 3d 520, 529 (Cal. Ct. App. 2003) ("Failure to comply with the claim presentation requirements is fatal to a later cause of action."). The continuing violation theory does not assist Walker because the only claim period that is exhausted occurred after Walker commenced this action, and recovery is not available for that claim period. *See Shamsian v. Atlantic Richfield Co.*, 132 Cal. Rptr. 2d 635, 647 (Cal. Ct. App. 2003) (with continuing violations, recovery is limited to actual injury suffered prior to commencement of the action).

The district court properly granted summary judgment in favor of the remaining defendants on Walker's Eighth Amendment claim. The uncontradicted medical evidence demonstrated that the amount of illumination coming from the night light in Walker's cell would not cause insomnia or other health problems. This conclusion is supported by Walker's medical records, which demonstrated that Walker complained of insomnia, stress, and depression before the new night light policy was implemented, and continued to complain of insomnia and other symptoms after he was transferred to a prison that did not have night lights.

08-56676

Walker's claim that the night lights caused his insomnia is mere speculation insufficient to defeat summary judgment. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Walker's remaining contentions are not persuasive.

**AFFIRMED.**