NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SIC METALS, INC., a California
Corporation, as successor in interest to JLK
International Inc. a California Corporation,

        Plaintiff-Appellant,

 and

HWEESANG CHANG, an individual;
BYUNG HWAN JUNG, an individual,

        Plaintiffs,

  v.

HYUNDAI STEEL COMPANY, a Korean
Corporation,

        Defendant-Appellee,

 and

R TECHO CO LTD, a Korean Corporation;
et al.,

        Defendants.

No.    20-55349

D.C. No.
8:18-cv-00912-CJC-PLA

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

_____

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted March 2, 2021[]
Pasadena, California

Before: GRABER, HIGGINSON,[***] and MILLER, Circuit Judges.

SIC Metals timely appeals summary judgment in favor of Hyundai Steel on its claim for intentional interference with contractual relations. Reviewing de novo, *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1177 (9th Cir. 2016), we affirm.

1. The district court did not err in concluding that Hyundai was justified in interfering with SIC's contractual relationship with non-party Prime due to Prime's repeated shipment delays.

California law recognizes justification as an affirmative defense to intentional interference with contract: "if two parties have separate contracts with a third, each may resort to any legitimate means at his disposal to secure performance of his contract even though the necessary result will be to cause a breach of the other contract." *Pankow Constr. Co. v. Advance Mortg. Corp.*, 618 F.2d 611, 616 (9th Cir. 1980) (quoting *Imperial Ice Co. v. Rossier*, 112 P.2d 631, 633 (Cal. 1941)).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Prime agreed, under the terms of its steel supply contract with Hyundai (the "Supply Agreement") that "time is of the essence for this Contract and shall meet the delivery date as agreed by the parties." There is no genuine dispute that Prime's shipments were persistently late. Under Korean law, a "time is of the essence" contract is deemed canceled when a party fails to timely perform, absolving the other party of its obligation to perform the contract. Similarly, California law provides that delayed performance of a contract with a "time is of the essence" clause constitutes a material breach, excusing further performance by the non-breaching party. *See Johnson v. Alexander*, 134 Cal. Rptr. 101, 105 (Ct. App. 1976); *Plotnik v. Meihaus*, 146 Cal. Rptr. 3d 585, 596 (Ct. App. 2012).[1] Hyundai legitimately asserted its contractual rights under the Supply Agreement by ceasing performance following Prime's material breach.

2. SIC asserts that the "real" reason for Hyundai's interference was "an internal dispute among present and former officers of Hyundai." But SIC failed to raise a disputed issue of fact with admissible evidence. SIC relied on a declaration by Prime's secretary, which conflicted with deposition testimony acknowledging that Prime failed to meet its shipment deadlines "[m]ultiple times." "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is

_____

[1] The district court declined to decide, and we do not review on appeal, whether Korean or California law applies because both permit a nonbreaching party to stop performing when a contract is breached.

3

insufficient to create a genuine issue of material fact." *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

3.  SIC's argument that Hyundai waived its right to cancel the Supply Agreement is unpersuasive. Under Korean law, when a party to a "time is of the essence" contract reduces some or all its future orders in response to the other party's failure to timely perform, the contract will continue to be deemed canceled despite the additional orders. It is undisputed that Hyundai reduced the volume of steel it ordered from Prime to an amount below that stipulated in the Supply Agreement after Prime's late shipments. Similarly, California law provides that conduct constituting implied waiver "must be clear, decisive and unequivocal." *Groves v. Prickett*, 420 F.2d 1119, 1125–26 (9th Cir. 1970); *see also Util. Audit Co., Inc. v. City of Los Angeles*, 5 Cal. Rptr. 3d 520, 528 (Ct. App. 2003). SIC fails to point to facts indicating such conduct by Hyundai.

**AFFIRMED**.