Filed 11/16/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JUSTIN LAND,<br><br>    Petitioner and Appellant,<br>v.<br><br>CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD et al,<br><br>    Respondents. | A164994<br><br>(Alameda County Super. Ct. No. RG16825540) |

**ORDER DISMISSING APPEAL AS MOOT**

Appellant Justin Land has been paid all the unemployment insurance benefits and interest thereon he sought through this administrative mandamus proceeding. Accordingly, respondents California Unemployment Insurance Appeals Board (Board) and Employment Development Department (Department) urge us to dismiss his appeal as moot. (See *Parkfield Owners for a Better Community v. County of Placer* (2020) 54 Cal.App.5th 714, 722 [" 'When events render a case moot, the court, whether trial or appellate, should generally dismiss it.' "].) Land concedes his appeal is moot but asks that we exercise our discretion to decide his appeal on the merits. (See *St. John of God Retirement & Care Center v. State Dept. of Health Care Services* (2016) 2 Cal.App.5th 638, 648–649 ["even 'if an appeal is technically moot, [when] "there may be a recurrence of the same controversy between the parties and the parties have fully litigated the issues," a reviewing court may

1

in its discretion reach the merits of the appeal' "], quoting *City of Hollister v. Monterey Ins. Co.* (2008) 165 Cal.App.4th 455, 480].)

We agree the appeal is moot and shall dismiss it for the reasons explained below.  We are publishing our dismissal order to provide some guidance should the unique procedural circumstances of this case ever arise again.  (See *Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1176 [granting motion to dismiss appeal on ground settlement rendered appeal moot].)

In *Land v. California Unemployment Ins. Appeals Bd.* (2020) 54 Cal.App.5th 127, 146 (*Land I*), we concluded the Board abused its discretion in declining to consider new evidence Land proffered in support of his administrative appeal of an administrative law judge's (ALJ's) decision denying him unemployment insurance benefits.  (*Id.* at pp. 144–146.)  We therefore reversed the trial court's judgment denying Land's petition for a writ of administrative mandamus and remanded with instructions that the Board reconsider Land's claim taking into account the new evidence.  (*Id.* at p. 146.)

The superior court issued both a writ directing reconsideration of Land's claim and an order retaining jurisdiction to ensure full compliance with the writ.  At Land's request, the trial court issued a further order clarifying the full scope of its retained jurisdiction.  In the course of discussing the extent of its jurisdiction, the court rejected the Department's argument that since the matter had been remanded for reconsideration of Land's claim, any judicial challenge to a new decision by the Board would need to be made by way of an entirely new administrative mandamus proceeding.

On remand, the ALJ ruled Land was entitled to benefits, and the Department promptly paid the benefits owing.

Land, in turn, partially appealed the new decision to the Board on the ground the ALJ had failed to award interest. The Board ruled that under *American Federation of Labor v. Unemployment Ins. Appeals Bd.* (1996) 13 Cal.4th 1017 (*AFL*), neither it nor the ALJ had independent authority under the governing statutory framework to award interest; rather interest must be awarded by a trial or appellate court in connection with a successful mandamus proceeding (such as the proceeding Land filed).[1]

---

[1] In *AFL,* the Supreme Court explained that Civil Code section 3287, subdivision (a) empowers the courts to award prejudgment interest, but not the Board. At the outset of its opinion, the court identified the specific issue before it as "whether an administrative law judge may award interest on a payment of retroactive unemployment insurance benefits." (*AFL, supra,* 13 Cal.4th at pp. 1021–1022.) It then summarized its answer, stating "[a]dministrative law judges, acting on behalf of the Unemployment Insurance Appeals Board (the Board), sit by authority granted under Unemployment Insurance Code section 100 et seq. The code limits these judges to reviewing the action of the Employment Development Department (EDD) in its ministerial determination of unemployment benefit eligibility. (Unemp. Ins. Code, § 1334.) Nowhere does the Unemployment Insurance Code grant the administrative law judges, or the Board, the express authority to award interest on an administrative benefit award. By contrast, pursuant to Civil Code section 3287, subdivision (a) (§ 3287(a)), courts have awarded prejudgment interest on a trial court judgment following a successful administrative mandamus action to recover *wrongfully withheld* benefits." (*AFL,* at pp. 1021–1022.)

Land points out two justices dissented. However, the high court has never overruled, or even called into question, its holding in *AFL.* (See, e.g., *Skidgel v. California Unemployment Ins. Appeals Bd.* (2021) 12 Cal.5th 1, 12 [quoting *AFL* in stating California's unemployment insurance program " 'is part of a national system of reserves designed to provide [benefits] for workers "unemployed through no fault of their own, and to reduce involuntary unemployment and the suffering caused thereby to a minimum" ' "]; see also

The Department then made a Code of Civil Procedure section 998 offer in the instant, still pending writ proceeding to pay Land the interest he sought, although it continued to take the position Land was required to initiate a new administrative mandamus proceeding in order to challenge the Board's denial of his partial administrative appeal. The Department did not dispute that Land was entitled to interest but asserted, under *AFL*, the directive for interest had to come from the court. The Department now took the position a "second writ" was "wholly unnecessary," stating Land did not, and could not, "explain why he sought interest from the ALJ and then the Board, when this court [i.e., the trial court] clearly retained jurisdiction to rule on the original writ petition, including on the question of interest." The trial court denied Land's motion for a supplemental writ and awarded interest directly, pursuant to *AFL* and *Brown v. California Unemployment Ins. Appeals Bd.* (2018) 20 Cal.App.5th 1107 (*Brown*).[2] The Department promptly paid the awarded interest. With this recitation of the pertinent procedural history, we return to the issue of mootness and explain why we decline to exercise our discretion to retain appellate jurisdiction.

First, the procedural posture of this case is highly unusual. In *Land I,* we did not decide that Land was, in fact, entitled to benefits. (Compare, e.g.,

---

*Currie v. Workers' Comp. Appeals Bd.* (2001) 24 Cal.4th 1109, 1117–1118 [distinguishing *AFL* and concluding "wrongful withholding" determination not a predicate for interest on worker's compensation award; "[b]ecause the WCAB is expressly authorized to award 'reimbursement for lost wages' under Labor Code section 132a, and because the inclusion of prejudgment interest in such a backpay award is mandated by Civil Code section 3287, inclusion of interest in the backpay award does not violate the principle that an administrative agency cannot create a remedy the Legislature has withheld"].)

[2] *Brown* addresses the calculation of interest owed under *AFL* and held the applicable rate is that pertaining to contract cases (10 percent). (*Brown, supra,* 20 Cal.App.5th at pp. 1117–1118.)

4

*Brown, supra,* 20 Cal.App.5th at p. 1112 [trial court found claimant was entitled to benefits and "issued a peremptory writ of administrative mandate commanding EDD and the Board to 'immediately' award [him] 'the unemployment insurance benefits that were withheld in the administrative proceedings in this matter plus interest on those benefits' (Writ)"].) Rather, we concluded the Board abused its discretion in declining to consider new evidence and directed administrative reconsideration of Land's claim. Thus, while we concluded the Board had "wrongfully" withheld benefits (the threshold requirement under *AFL* for an award of interest to a successful claimant), we did not conclude that Land was, in fact, entitled to benefits and therefore entitled to interest under *AFL* and *Brown.* Thus, in their briefing in the trial court, respondents noted "the unique [procedural] circumstances of the case," and in its order denying Land's request for a supplemental writ, the trial court similarly observed "[t]he situation here is undoubtedly unusual in that the Court of Appeal reversal was procedural, putting Land in front of the Board a second time." Moreover, the "procedural" error arose from an evidentiary ruling reviewed under the liberal abuse of discretion standard.[3] (See *Land I, supra,* 54 Cal.App.5th at pp. 144–145.) Thus, we are not persuaded this case presents an issue of widespread significance.

Second, the record discloses that once Land was awarded benefits, the Department never disputed that he was entitled to interest under *AFL* and *Brown*, and once Land invoked the retained jurisdiction of the trial court, the Department did not dispute that the court could, and should, award interest,

---

[3] In our opinion we specifically acknowledged "it is only in a very unusual case that we will conclude the Appeals Board abused its discretion in failing to consider new evidence" and we did so in the instant case because the evidence "was pivotal to the ALJ's decision and to the Appeals Board's reasoning for upholding it." (*Land I, supra,* 54 Cal.App.5th at p. 144.)

5

and once the trial court awarded interest to Land, the Department promptly paid it. In short, the record does not reflect any recalcitrance on the part of respondents in acknowledging entitlement to, and making prompt payment of, interest awarded in accordance with *AFL* and *Brown*.

Third, there was no need for this mandamus action to give rise to the instant epilogue of litigation. On remand following our decision in *Land I*, Land appropriately asked the trial court to both set a date for respondents to file a return and retain jurisdiction to ensure full compliance with the writ by respondents. As the Department acknowledged in opposing Land's motion for a supplemental writ compelling the Board to award interest, this expansive reservation of jurisdiction empowered the trial court to order interest in accordance with *AFL* and *Brown* if Land prevailed on reconsideration of his claim.[4] Land complains that forcing claimants, like himself, to return to the trial court to secure interest is unduly burdensome and further prolongs the excessive delay endemic in the unemployment insurance administrative arena. However, given that trial courts can readily be asked to retain jurisdiction in administrative mandamus proceedings, as Land did here, we do not consider the filing of a simple motion for interest to be an undue burden. Indeed, given that the respondents may well acknowledge a successful claimant's entitlement to interest from the court, as they did here, it could well be that all that would be required is a stipulation and order.

---

[4] The Department's initial position in the trial court—that the court should not retain jurisdiction to ensure full compliance with the writ—was not well taken, and the Department wisely abandoned that position when it ultimately acknowledged that the court, having retained jurisdiction, could and should award interest to Land pursuant to *AFL* and *Brown*.

**ORDER**

The appeal is DISMISSED as moot.  Parties to bear their own costs.

_____
                                        Banke, J.


We concur:


_____
Margulies, Acting P.J.


_____
Getty, J.*


*Judge of the Solano County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


A164994, Land v. California Unemployment Ins. Appeals Bd

Trial Court: Alameda County Superior Court

Trial Judge:        Hon. Stephen D. Kaus

Counsel:

Garfinkle Law Office, Gary S. Garfinkle and Maria J. Garfinkle for Petitioner and Appellant.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Gregory D. Brown, Jennifer G. Perkell and Dane C. Barca, Deputy Attorneys General, for Respondents.