[Civ. No. 676. Fifth Dist. Dec. 14, 1966.]

JOSEPH RAU et al., Plaintiffs and Appellants, v. SACRA-
MENTO COUNTY RETIREMENT BOARD, Defendant
and Respondent.

William D. Heekin for Plaintiffs and Appellants.

John B. Heinrich, County Counsel, and Fred G. Williams,
Deputy County Counsel, for Defendant and Respondent.

McMURRAY, J. pro tem.*—This is an appeal from a judgment in a proceeding in mandamus to review a ruling of the Sacramento County Retirement Board. The appellant Joseph Rau alleged that he suffered a disabling injury to his back while working as a heavy-equipment operator for the County of Sacramento on November 3, 1958. After long treatment, he had his coccyx surgically removed in May 1961. Rau claimed this to be a service-connected injury entitling him to a disability retirement. After many hearings on the matter, respondent Sacramento County Retirement Board refused to grant the service-connected disability, but did grant Rau a normal service retirement.

Rau sought a writ of mandate in the Sacramento County Superior Court, and that court referred the case back to the board for a full hearing and review. After hearings on two separate dates, the board received a written communication and oral testimony from Dr. Matthis, the county health officer and, under section 31530 of the Government Code, the medical adviser to the board. At a third meeting, appellant Rau's counsel objected to the receipt and consideration by the board of a letter from Dr. Matthis and to his oral testimony given at that time. The board, on advice of its counsel, however, accepted the evidence, and then refused Rau a service-connected disability retirement.

At the subsequent hearing in the superior court on petition for a writ of mandate the court upheld the decision of the board, and mandate was denied. The instant appeal is on the ground that the decision of the board was not supported by substantial evidence, and that the board did not proceed in a lawful manner in that it received testimony after the case had been submitted for decision. Both of these contentions were raised in the superior court action.

At the start it may be said that the County Employees Retirement Law of 1937, sections 31450 to 31894, inclusive, of the Government Code, places the administration of the county employees' retirement system in the hands of the retirement board. Section 31520 of the Government Code provides, in part: "The management of the retirement system is vested in the board of retirement, consisting of five members, one of whom shall be the county treasurer. The second and third members of the board shall be members of the association elected by it within 30 days after the retirement system

---

*Assigned by the Chairman of the Judicial Council.

becomes operative in a manner determined by the board of supervisors. The fourth and fifth members shall be qualified electors of the county who are not connected with county government in any capacity, except one may be a supervisor and one may be a retired member, and shall be chosen by the board of supervisors. . . ."

Sections 31720 to 31739.4, inclusive, provide a comprehensive legislative enactment for the determination of the rights of a county employee to be retired for disability. Section 31720 specifies: "Any member permanently incapacitated for the performance of duty shall be retired for disability regardless of age if, and only if: (a) His incapacity is a result of injury or disease arising out of and in the course of his employment, or (b) He has completed five years of service, . . ." Section 31725 provides: "Permanent incapacity for the performance of duty shall in all cases be determined by the board."

 It will be seen that this retirement board is a local administrative body vested with quasi-judicial powers. (*Rogers* v. *Retirement Board,* 109 Cal.App.2d 751 [241 P.2d 611]; *Robinson* v. *Board of Retirement,* 140 Cal.App.2d 115 [294 P.2d 724].) One of the later decisions on this subject is *Flaherty* v. *Board of Retirement of Los Angeles,* 198 Cal.App.2d 397 [18 Cal.Rptr. 256], holding that a board of retirement under the County Employees Retirement Law of 1937 is a quasi-judicial body, wherein it is said: " 'The rule in California is that upon review of the decision of a local administrative body, the reviewing court is concerned only with the presence or absence of substantial evidence in the agency record which will support the agency's determination. The reviewing court may not consider evidence which was not presented to the local board; there is to be no trial de novo with respect to matters upon which the agency was authorized to and did in fact decide.' " (P. 408.)

*Flaherty* has been followed more recently in *Le Strange* v. *City of Berkeley,* 210 Cal.App.2d 313 [26 Cal.Rptr. 550], where it is said, at page 321:

"Where local agencies or boards exercise judicial or constitutional quasi-judicial power the superior court in its review of the decisions of such agencies or boards is confined to determining whether there was substantial evidence before the agency or board to support its findings. . . .

"When the superior court has rendered its judgment on mandamus and the judgment is appealed, the power of the

appellate court is governed by the substantial evidence rule, i.e., the determination of whether the evidence, viewed in the light most favorable to the respondent, sustains the findings of the trial court, resolving any reasonable doubts in favor of those findings. This rule obtains whether the appellate court is reviewing the findings of the trial court where the latter has exercised independent judgment or whether the findings involve the decision of a local administrative agency. In the former situation the appellate court is confined to the evidence received by the trial court; in the latter case it is limited to the evidence in the agency record." (See also *De Celle* v. *City of Alameda,* 221 Cal.App.2d 528, 534 [34 Cal.Rptr. 597].)

The record before us discloses that the Sacramento County Retirement Board conducted a full and fair hearing on the application of Rau for a service-connected disability retirement. There were several hearings, and evidence was received over a period of several months. Formal hearings were held on September 19, 1963, March 10, 1964, and April 23, 1964, at each of which an official court reporter was present and all of the testimony presented at the hearings was transcribed. The testimony of two independent physicians was before the board in the form of depositions.

From the medical evidence the board could have determined either that appellant Rau was or was not entitled to a service-connected disability retirement. ■ However, there is in the record sufficient medical testimony to support the findings of the board, and it is not the province of this court to substitute its judgment for that of the board charged with that responsibility.

The objection of appellants to the consideration of the letter from Dr. Matthis is not well taken. Appellants cite *Corcoran* v. *San Francisco City & County Emp. Retirement System,* 114 Cal.App.2d 738 [251 P.2d 59], in support of their contention that respondent board erroneously admitted the letter of Dr. Matthis into evidence, but that case shows the retirement board there received into evidence after the submission of the case the medical reports of three private physicians who had examined and treated the applicant. The court ruled that such procedure could not be approved. ■ This is not the case at bar; the retirement board, here, had sought and received an evaluation by and advice from its medical adviser under the pertinent Government Code provision contained in section 31530, where it is stated: "The county health officer shall

advise the board on medical matters and, if requested by the board, shall attend its meetings.''

Dr. Matthis was the county health officer of the County of Sacramento and was ex officio medical adviser to the retirement board in this matter. He was present at the board hearings of September 19, 1963, March 10 and April 23, 1964, and heard all of the testimony, both medical and other, pertaining to the application of appellant Rau for a service-connected disability retirement. By giving his advice to the retirement board, he was merely discharging his obligation under the above cited Government Code section. His letter and advice appear to have been based solely upon his review and analysis of the medical evidence which had been presented to the retirement board. His views did not represent new evidence, nor is there anything which shows that it was considered as new evidence by the board.

The applicant here was represented by counsel; in *Corcoran* that was not the case. It appears that at the board meeting on April 23, 1964, applicant's counsel was present and could have cross-examined Dr. Matthis had he so desired. Rather than so doing, counsel elected to object to the receipt of the letter of April 17, 1964, being presented to the board, and further objected to Dr. Matthis advising the board with respect to his opinion of medical evidence previously received by it. It is interesting to note that in the *Flaherty* case, cited above, a very similar course of conduct was followed without, however, the same care being taken to furnish a proper record of the county health officer's testimony, and the court found nothing objectionable with the procedure followed. Indeed, it is stated in *Flaherty* that it is the statutory function of the county health officer to act as adviser to the board on medical matters.

■ It must be remembered that the burden of proving an incapacitating condition is on the applicant for a disability retirement, and it is not necessary for the agency to show the negative of the issues when the positive is not proved. (*Lindsay* v. *County of San Diego Retirement Board,* 231 Cal.App.2d 156, 160-162 [41 Cal.Rptr. 737].)

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.