[No. B144038. Second Dist., Div. Six. July 25, 2001.]

LARRY McINTYRE, Plaintiff and Appellant, v.
SANTA BARBARA COUNTY EMPLOYEES' RETIREMENT SYSTEM,
BOARD OF RETIREMENT, Defendant and Respondent.

## COUNSEL

James R. Christiansen; Lemaire, Faunce, Pingel & Singer and Edward L. Faunce for Petitioner and Appellant.

Reicker, Pfau, Pyle, McRoy & Herman, James E. Herman and Alan A. Blakeboro for Defendant and Respondent.

## OPINION

**YEGAN, J.**—Larry McIntyre appeals from the judgment denying his petition for a writ of mandate (Code Civ. Proc. § 1085) compelling respondent Santa Barbara County Employees' Retirement System, Board of Retirement (Board) to follow certain procedures in deciding his application for a service-connected disability retirement. He contends the Board's procedures result in a breach of its fiduciary duties, violate due process, and violate the 1937 County Employees Retirement Law (CERL). (Gov. Code, § 31450 et seq.)[1] The trial court found each claim to be without merit as a matter of law. We affirm.

### Facts

Appellant developed mycoplasmic pneumonia in 1989. The disease left him susceptible to blood clots and, as a result, he is required to take a blood-thinning medication called Coumadin. Appellant's employer, the Summerland-Carpinteria Fire District, determined that he could no longer perform his job duties as a fire fighter because the medication increases the risk he will suffer a serious injury. Appellant last worked for the fire district in September 1997.

---

[1]All statutory references are to the Government Code unless otherwise stated.

In May 1998, he applied to the Board for a service-connected disability retirement. The Board obtained copies of appellant's medical records and referred him to a doctor for examination. After reviewing a staff report, the Board appointed referee Catherine Harris to conduct a hearing on the application. The hearing never occurred because appellant filed this petition.

Appellant's petition alleges that the procedures adopted by the Board are biased against applicants and that the Board owes a fiduciary duty of loyalty to applicants which it breaches whenever it takes a position adverse to an applicant. Appellant does not claim that anyone involved in his application is actually biased against him. Rather, he alleges the bias is inherent in the Board's bylaws and procedures because the doctors, lawyers and staff it retains are all biased against applicants. Appellant further contends the Board violates due process by unilaterally selecting hearing officers, and by participating as an adverse party in the hearings.[2] Finally, appellant alleges that the Board violates CERL by participating as an adverse party in hearings, determining whether a disability is service connected, and requiring the applicant both to provide medical records and submit to an examination by a Board-appointed doctor.

The trial court rejected each of these claims as a matter of law, concluding the Board had not breached its fiduciary duties or violated appellant's due process rights. Appellant raises the same arguments here. We reject them for many of the reasons advanced by the trial court.

*Standard of Review*

Mandamus is available to correct an abuse of discretion by an administrative official. (*Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 442 [261 Cal.Rptr. 574, 777 P.2d 610]; *California Teachers Assn. v. Ingwerson* (1996) 46 Cal.App.4th 860, 865 [53 Cal.Rptr.2d 917].) "When a court reviews an administrative decision pursuant to Code of Civil Procedure section 1085, it merely asks whether the agency's action was arbitrary, capricious, or entirely lacking in evidentiary support, or whether the agency failed to follow the procedure and give the notices the law requires." (*Kreeft v. City of Oakland* (1998) 68 Cal.App.4th 46, 53 [80 Cal.Rptr.2d 137].) We review the trial court's factual findings for substantial evidence and exercise our independent judgment on the legal issues

---

[2]We note that, after appellant filed his petition, the Board revised its procedure for selecting hearing officers.

presented. (*Ibid.*; *Scott v. Common Council* (1996) 44 Cal.App.4th 684, 689 [52 Cal.Rptr.2d 161].)

*Fiduciary Duty*

 Appellant correctly notes that the Board owes fiduciary duties of good faith and loyalty to the county employees who are members of the retirement system. (*Hittle v. Santa Barbara County Employees Retirement Assn.* (1985) 39 Cal.3d 374, 392-393 [216 Cal.Rptr. 733, 703 P.2d 73].) He contends this duty of loyalty requires the Board to avoid taking a position adverse to any employee. Thus, appellant contends, the Board breaches its duty of loyalty whenever it actively opposes an application by retaining counsel, hiring a doctor who opines that an employee is not eligible for benefits, or permits staff members to testify against an applicant at a hearing. Appellant appears to contend that the Board's fiduciary duties require it uncritically to approve every application for benefits, or at the very least to remain neutral on the question of whether a particular applicant is entitled to benefits. We are not persuaded.

Board members "are entrusted by statute with the exclusive authority to determine the factual issues whether a member is permanently incapacitated for duty (Gov. Code, § 31725) and whether the disability is service connected (cf. Gov. Code, §§ 31725.7, 31725.8)." (*Masters v. San Bernardino County Employees Retirement Assn.* (1995) 32 Cal.App.4th 30, 45 [37 Cal.Rptr.2d 860].) The Board is therefore required to administer the retirement system "in a manner to best provide benefits to the participants of the plan." (*City of Sacramento v. Public Employees Retirement System* (1991) 229 Cal.App.3d 1470, 1493 [280 Cal.Rptr. 847]; see also Cal. Const., art. XVI, § 17.) It cannot fulfill this mandate unless it investigates applications and pays benefits only to those members who are eligible for them. (*City of Sacramento v. Public Employees Retirement System, supra,* 229 Cal.App.3d at p. 1494; see also Gov. Code, § 31723 [board may require such proof as it deems necessary to determine the existence of a disability]; *Masters v. San Bernardino County Employees Retirement Assn., supra,* 32 Cal.App.4th at p. 46.) Thus, the Board fulfills, rather than breaches, its fiduciary duties when it retains staff, lawyers, and doctors to represent it at benefit hearings.

For the same reasons, we reject appellant's contention that to fulfill its fiduciary duty to remain neutral at the hearing, the Board must rely only upon the employer to oppose applications that lack merit. The Board, not the employer, has the constitutional and statutory duty to manage the retirement fund and to determine whether the fund is obligated to pay benefits to any

particular applicant. It is not required to rely upon third parties, even interested third parties, to make those determinations on its behalf.

## Due Process

Appellant contends the Board violates his due process rights by unilaterally selecting a hearing officer to decide his application and by actively opposing the application. Appellant presents no evidence that any person involved with his application is actually biased against him. Instead, his argument assumes that that all hearing officers and staff members are biased against all applicants because they are paid by the Board, which is itself biased against all applicants. The claims are without merit.

First, the claims fail because they are unsupported by any evidence of actual bias and bias may not be presumed. ■■ "[D]ue process demands impartiality on the part of those who function in judicial or quasi-judicial capacities. [Citation.] We must start, however, from the presumption that the hearing officers . . . are unbiased. [Citations.] This presumption can be rebutted by a showing of conflict of interest or some other specific reason for disqualification. [Citations.] But the burden of establishing a disqualifying interest rests on the party making the assertion." (*Schweiker v. McClure* (1982) 456 U.S. 188, 195-196 [102 S.Ct. 1665, 1670, 72 L.Ed.2d 1, 8], fn. omitted; accord, *Andrews v. Agricultural Labor Relations Bd.* (1981) 28 Cal.3d 781, 792 [171 Cal.Rptr. 590, 623 P.2d 151] ["A party must allege concrete facts that demonstrate the challenged judicial officer is contaminated with bias or prejudice. 'Bias and prejudice are never implied and must be established by clear averments.' "].)

We also reject the contention that the Board violates due process by unilaterally selecting hearing officers. "Due process does not require a perfectly impartial hearing officer for, indeed, there is no such thing. [Citation.] Rather . . . due process in these circumstances requires only a 'reasonably impartial, noninvolved reviewer.' " (*Linney v. Turpen* (1996) 42 Cal.App.4th 763, 770-771 [49 Cal.Rptr.2d 813].) ■■ The fact that hearing officers are selected and compensated by the Board does not demonstrate their anti-applicant bias. Due process does not compel applicants' participation in the selection of hearing officers. (*Id.* at p. 777.)

Nor is the Board prohibited from both investigating and adjudicating applications for retirement benefits. ■■ As the Supreme Court explained in *Withrow v. Larkin* (1975) 421 U.S. 35 [95 S.Ct. 1456, 43 L.Ed.2d 712], "the combination of investigative and adjudicative functions does not, without more, constitute a due process violation . . . ." (*Id.* at p. 58 [95

S.Ct. at p. 1470, 43 L.Ed.2d at p. 730]; see also *Binkley v. City of Long Beach* (1993) 16 Cal.App.4th 1795, 1809 [20 Cal.Rptr.2d 903] [due process permits city manager to terminate police chief, select and pay hearing officer to review termination, and disregard or veto recommendation of hearing officer]; *Burrell v. City of Los Angeles* (1989) 209 Cal.App.3d 568, 579 [257 Cal.Rptr. 427].)

*Statutory Violations*

■ Appellant contends the Board violates CERL when it acts as an adverse party at the hearings, purports to determine whether a disability is service connected, and requires applicants both to submit their own medical records for review and be examined by a Board-appointed doctor. We disagree.

Neither CERL nor article XVI, § 17 of our state Constitution prohibits staff members from participating in benefit hearings. To the contrary, both require the Board to administer the retirement fund for the benefit of its members and to manage the fund with care, prudence and skill. The Board cannot fulfill these functions unless it investigates applications and pays benefits only to applicants who are eligible for them. (*City of Sacramento v. Public Employees Retirement System, supra,* 229 Cal.App.3d at p. 1494.) Moreover, CERL permits the Board to "require such proof" of disability "as it deems necessary" before determining that an applicant is eligible for benefits. (§ 31723.) To that end, the statute permits the Board to retain counsel, appoint staff, obtain medical reports and hold hearings on applications. (§§ 31522.1, 31529, 31533, 31723.) Nothing in the statute or the Constitution requires the Board to remain neutral throughout the application process. Accordingly, the Board does not violate CERL when it participates in as a party in benefit hearings.

Nor is the Board obligated to accept a stipulation between employer and employee that a disability is service connected. The Board is responsible for administering the retirement fund. The Board must, therefore, make its own determination ón the factual question of whether a disability is service connected. (§§ 31725.7, 31725.8; *Masters v. San Bernardino County Employees Retirement Assn., supra,* 32 Cal.App.4th 30, 45.)

Finally, we reject appellant's claim that the Board lacks authority to require an applicant both to submit medical records for review and submit to an examination by a Board-appointed doctor. There is no evidence appellant was required to do both; rather, he was required to provide a medical history so the Board could obtain a meaningful medical examination. This practice

is fully consistent with section 31723, which permits the Board to "require such proof, including a medical examination at the expense of the member, as it deems necessary or the board upon its own motion may order a medical examination to determine the existence of the disability."

The judgment is affirmed. Costs to respondent.

Gilbert, P. J., and Perren, J., concurred.

A petition for a rehearing was denied August 14, 2001, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied October 17, 2001.