Filed 3/2/17

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| LETICIA FLETHEZ, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S226779 |
| v. | ) | |
| | ) | Ct.App. 4/1 D066959 |
| SAN BERNARDINO COUNTY | ) | |
| EMPLOYEES RETIREMENT | ) | |
| ASSOCIATION, | ) | |
| | ) | San Bernardino County |
| Defendant and Appellant. | ) | Super. Ct. No. CIVDS 1212542 |
| _____ | ) | |

In this action for a writ of mandamus, the superior court determined that San Bernardino County Employees Retirement Association (SBCERA) wrongfully denied Frank Flethez the correct starting date for his disability retirement allowance.[1]  The court then awarded Flethez prejudgment interest under Civil Code section 3287, subdivision (a) (section 3287(a)) as part of his damages, to be retroactively calculated from the same starting date.[2]  On appeal, SBCERA challenged only the calculation of the prejudgment interest award.

---

[1]    Frank Flethez recently passed away and his wife, as his surviving spouse and designated beneficiary, has been substituted in as plaintiff.  (Code Civ. Proc., § 377.31.)  Our references in the opinion to "Flethez" are to Frank Flethez.

[2]    The Civil Code defines "damages" as monetary compensation for one "who suffers detriment from the unlawful act or omission of another."  (Civ. Code, § 3281.)  Under specified conditions, an award of damages may include an award of prejudgment interest pursuant to section 3287(a).

**SEE CONCURRING OPINION**

The Court of Appeal agreed with SBCERA that the superior court had erred in its calculation of prejudgment interest and reversed the court's judgment to the extent it awarded section 3287(a) interest on all of Flethez's retroactive disability retirement benefits starting from the first date of those benefits — July 15, 2000. In doing so, the Court of Appeal expressly disagreed with the reasoning of *Austin v. Bd. of Retirement* (1989) 209 Cal.App.3d 1528 (*Austin*). We granted review to consider how prejudgment interest under section 3287(a) should be calculated when a retroactive award of service-connected disability retirement benefits under the County Employees Retirement Law of 1937 is ordered in an administrative mandamus proceeding.

As we will explain, we agree with the Court of Appeal that the superior court erred in its award of prejudgment interest.

## I. BACKGROUND

### A. County Employee Service Disability Retirements

Public employee retirement boards have plenary authority regarding, and fiduciary responsibility for, the administration of their retirement systems. (Cal. Const., art. XVI, § 17.) A county's retirement system is administered by a county retirement board, under the County Employees Retirement Law of 1937. (Gov. Code, § 31450 et seq. (hereafter the CERL).)

County retirement systems formed under the CERL provide both service retirements based on age and years of service (Gov. Code, § 31670 et seq.) and disability retirements based on an employee becoming permanently incapacitated for the performance of his or her work duties. (Gov. Code, § 31720 et seq.)

When the statutory requirements are met, an employee member of a county retirement system who is permanently incapacitated may separate from county service and receive either a service-related disability retirement and allowance, or

2

a general disability retirement and allowance.  (Gov. Code, § 31720.)  An application for either type of disability retirement must be made "[1] while the member is in service, [2] within four months after his or her discontinuance of service, [3] within four months after the expiration of any period during which a presumption is extended beyond his or her discontinuance of service, or [4] while, from the date of discontinuance of service to the time of the application, he or she is continuously physically or mentally incapacitated to perform his or her duties."  (Gov. Code, § 31722.)

Because a county retirement board is "required to administer the retirement system 'in a manner to best provide benefits to the participants of the plan,'" (*McIntyre v. Santa Barbara County Employees' Retirement System* (2001) 91 Cal.App.4th 730, 734 (*McIntyre*); see also Cal. Const., art. XVI, § 17), it must "investigate[] applications and pay[] benefits only to those members who are eligible for them."  (*McIntyre*, at p. 734.)  The board may require such proof as it deems necessary to determine the existence of a disability.  (Gov. Code, § 31723.)  "Permanent incapacity for the performance of duty shall in all cases be determined by the board."  (Gov. Code, § 31725.)  The applicant bears the burden of proving his or her disability and that it is service related.  (*Masters v. San Bernardino County Employees Retirement Assn.* (1995) 32 Cal.App.4th 30, 46; *Rau v. Sacramento County Retirement Bd.* (1966) 247 Cal.App.2d 234, 238.)  " 'If the proof received, including any medical examination, shows *to the satisfaction of the board* that the member is permanently incapacitated,' the board shall retire that member.  (Gov. Code, § 31724, italics added.)"  (*Masters*, at p. 46.)  If the board is not satisfied that the member is permanently incapacitated according to the proof received, the request for disability retirement must be denied.  (Gov. Code, § 31725.)

3

Government Code section 31724 governs the timing of disability retirements and allowances. The statute provides that when a county retirement board is satisfied that the member is permanently incapacitated and grants the member a disability retirement, *the retirement* is "effective on the expiration date of any leave of absence with compensation to which [the member] shall become entitled . . . or effective on the occasion of the member's consent to retirement prior to the expiration of such leave of absence with compensation." (Gov. Code, § 31724.) In the case of a member who has been granted or is entitled to sick leave, the statute provides that the retirement is not effective until the expiration of such leave with compensation, unless the member consents to an earlier date. (*Ibid.*)[3]

Government Code section 31724 also states the general rule that the member's "disability retirement *allowance* shall be effective as of the date such

---

[3]    Government Code section 31724 reads in full: "If the proof received, including any medical examination, shows to the satisfaction of the board that the member is permanently incapacitated physically or mentally for the performance of his duties in the service, it shall retire him effective on the expiration date of any leave of absence with compensation to which he shall become entitled under the provisions of Division 4 (commencing with Section 3201) of the Labor Code or effective on the occasion of the member's consent to retirement prior to the expiration of such leave of absence with compensation. His disability retirement allowance shall be effective as of the date such application is filed with the board, but not earlier than the day following the last day for which he received regular compensation. Notwithstanding any other provision of this article, the retirement of a member who has been granted or is entitled to sick leave shall not become effective until the expiration of such sick leave with compensation unless the member consents to his retirement at an earlier date. [¶] When it has been demonstrated to the satisfaction of the board that the filing of the member's application was delayed by administrative oversight or by inability to ascertain the permanency of the member's incapacity until after the date following the day for which the member last received regular compensation, such date will be deemed to be the date the application was filed."

4

application is filed with the [county retirement] board, but not earlier than the date following the last day for which [the member] received regular compensation." (Italics added.)  In other words, a retiree's disability retirement allowance will typically be effective on the latter of two dates: the actual application date or the date following the last day for which regular compensation was received after separation.  However, "[w]hen it has been demonstrated to the satisfaction of the board that the filing of the member's application was delayed by administrative oversight or by inability to ascertain the permanency of the member's incapacity until after the date following the day for which the member last received regular compensation, such date will be deemed to be the date the application was filed." (*Ibid.*)  Here we are concerned with the latter provision — delay due to the inability to ascertain the permanency of the disability.[4]

### B.  The Flethez Matter[5]

In 1990, Flethez became an employee of San Bernardino County (County). He worked as an equipment operator from 1991 until 2000.  In 1998, he was injured while performing his job duties.  His last day of work was on January 28, 2000.  He underwent spinal surgery for his 1998 injury on February 1, 2000.  His last day of regular compensation was July 14, 2000.  Flethez underwent additional surgeries in 2001 and 2002 and received physical therapy through 2004.

---

[4]     Flethez sometimes refers to this provision as the "deemer clause," referring to the date "deemed" to be the application date under Government Code section 31724 because of the inability to earlier ascertain the permanency of the disability. We will instead adopt the "inability to ascertain permanency clause" as a shorthand term for this provision.

[5]     Because the historical facts and events established by the record are undisputed, we generally adopt the summary of the factual and procedural background from the decision of the Court of Appeal.

More than eight years after he last worked for the County, on June 12, 2008, Flethez filed an application with SBCERA for a service-related disability retirement and allowance. It was rejected for omission of a signed medical records authorization. A little more than one year later, Flethez filed a complete application, including a signed medical records authorization and a supporting physician's report. In August 2010, SBCERA granted Flethez's application for service-related disability retirement benefits, effective as of the date of his initial application in 2008. That is, Flethez's retirement allowance was made effective under the general rule of Government Code section 31724 granting retroactive benefits back to the date of his June 2008 application.

Flethez then filed a request for review and reconsideration limited to the question of the starting date for his benefits. Flethez does not dispute that this was the first time he contended that his retirement allowance should be retroactive, under the inability to ascertain permanency clause of Government Code section 31724, to July 15, 2000, the date following his last day of regular compensation. When SBCERA, in April 2011, maintained its original decision setting June 12, 2008 as the commencement date for his benefits, Flethez requested a formal administrative hearing on the issue. An administrative hearing was held and the hearing officer subsequently issued proposed findings of fact, conclusions of law, and a recommended decision denying Flethez's request for benefits retroactive to July 15, 2000. On October 4, 2012, SBCERA adopted the hearing officer's proposed decision and maintained the original June 2008 date as the effective date of Flethez's disability retirement benefits.

Flethez filed a petition for writ of mandate in the superior court pursuant to Code of Civil Procedure section 1094.5, seeking a writ ordering SBCERA to set aside its decision and grant him service-related disability retirement benefits

6

effective as of July 15, 2000. (Gov. Code, § 31724.) He also sought interest at the legal rate on all retroactive amounts.

The superior court found that the evidence submitted in the mandamus proceeding showed Flethez had not been able to ascertain the permanency of his incapacity by the date he stopped working and when he received his last compensation. It determined that the question of when Flethez thereafter became able to ascertain the permanency of his incapacity was irrelevant under Government Code section 31724 because under the unambiguous words of the statute, it was the "inability to ascertain the permanency" until after the date following the day of last regular compensation that triggers retroactive payments under the inability to ascertain permanency clause. The court further determined that the CERL sets no deadline for filing an application based on the date permanency is eventually ascertained. (Gov. Code, § 31722 [an application is timely if from "the date of discontinuance of service to the time of the application," the member is "continuously" incapacitated].) The superior court issued a peremptory writ commanding SBCERA to grant Flethez a service-connected disability retirement allowance retroactive to July 15, 2000, the date after the last day he received regular compensation, i.e., the date that was deemed to be his application date under the inability to ascertain permanency clause of Government Code section 31724. SBCERA complied with the writ.

The superior court also ruled Flethez was entitled to prejudgment interest under section 3287(a) at the legal rate from the date that each payment of retroactive disability retirements benefits would have been due, starting from July 15, 2000. The interest payments on all retroactive amounts totaled $132,865.37. SBCERA timely filed a notice of appeal "limited to the issue of interest."

7

The Court of Appeal reversed the judgment insofar as it awarded prejudgment interest retroactive to July 15, 2000. It concluded that "in the context of disability retirement benefits, a retiring member is entitled to recover section 3287(a) prejudgment interest on a court award of disability retirement benefits from the day on which his or her right to recover those benefit payments became vested," which was "not until the retiring member establishes his or her entitlement" to those benefits. The Court of Appeal remanded the matter to the superior court for further proceedings to determine the date that Flethez had established his right to receive retroactive disability retirement benefit payments.

As noted earlier, we granted review to consider how prejudgment interest under section 3287(a) should be calculated when a retroactive award of service-connected disability retirement benefits under the CERL is ordered in an administrative mandamus proceeding.

## II. DISCUSSION

The interpretation of the prejudgment interest provisions of section 3287(a) as it relates to the provisions of the CERL is, as the parties acknowledge, a question of law subject to our independent review. (*B.H. v. County of San Bernardino* (2015) 62 Cal.4th 168, 189; *Weber v. Bd. of Retirement* (1998) 62 Cal.App.4th 1440, 1444 (*Weber*).)

We begin by recognizing that " 'our fundamental task is to determine the Legislature's intent so as to effectuate the law's purpose.' " (*People v. Cole* (2006) 38 Cal.4th 964, 974.) Because statutory language is generally the most reliable indicator of legislative intent, we start with the language of section 3287(a). (*Fluor Corp. v. Superior Court* (2015) 61 Cal.4th 1175, 1198; *Martinez v. Combs* (2010) 49 Cal.4th 35, 51.)

Section 3287(a) provides that "[a] person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to

8

recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day, except when the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state."

We have explained that in order to recover prejudgment interest under this language, "the claimant must show: (1) an underlying monetary obligation, (2) damages which are certain or capable of being made certain by calculation, and (3) a right to recovery that vests on a particular day." (*American Federation of Labor v. Unemployment Ins. Appeals Bd.* (1996) 13 Cal.4th 1017, 1022 (*American Federation of Labor*); *Tripp v. Swoap* (1976) 17 Cal.3d 671, 682 (*Tripp*), overruled on other grounds in *Frink v. Prod* (1982) 31 Cal. 3d 166, 180.) Prejudgment interest may be recovered "from any debtor," including a public entity. (§ 3287(a).)[6] This is "an exception to the general rule that interest cannot be

---

[6] Section 3287 was first enacted in 1872 when the Civil Code was adopted. In 1955, it was amended to add the second sentence, making the provisions applicable to "any debtor, including any political subdivision of the State." (Stats. 1955, ch. 1477, § 1, pp. 2689-2690.) In 1959, the second sentence was amended to further broaden the scope of the statute's application to recovery of damages from "the State or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the State." (Stats. 1959, ch. 1735, § 1, p. 4186.) In 1967, the existing provisions were designated as subdivision (a) of the section and provisions not pertinent here were added as subdivision (b). (Stats. 1967, ch. 1230, § 1, p. 2997.) In 2013, subdivision (c) was added. (Stats. 2013, ch. 424, § 1.) We uniformly use "section 3287(a)" to reference the applicable prejudgment interest provisions at issue here, even when the provisions at the time were contained simply in section 3287. We have previously observed, "[t]here is scant pertinent legislative history" regarding section 3287(a). (*American Federation of Labor*, *supra*, 13 Cal.4th at p. 1030.)

recovered against a state or municipality." (*Sanders v. City of Los Angeles* (1970) 3 Cal.3d 252, 262 (*Sanders*).)

We have recognized that an employee who brings a successful mandamus action to recover wrongfully withheld salary payments may satisfy the requirements of section 3287(a). In *Mass v. Bd. of Education* (1964) 61 Cal.2d 612 (*Mass*), we concluded that a wrongfully suspended teacher was entitled to prejudgment interest as an element of his damages when the local board of education was ordered to reinstate him with full back pay. We stated that section 3287(a) "authorizes prejudgment interest on salary payments from the date of accrual to the entry of judgment." (*Mass*, *supra*, at p. 624.) We rejected the argument of the board that interest accrued only "from the date when the board bore the legal duty to reinstate plaintiff because until that time the 'right to recover' did not 'vest' in him" as required by section 3287(a). (*Mass*, *supra*, at p. 625.) We explained as follows: "The Civil Code requires vesting . . . only in order to fix with sufficient certainty the time when the obligation accrues so that interest should not be awarded on an amount before it is due. Each salary payment in the instant case accrued on a date certain. Unless the suspension itself can be sustained and the board thus relieved of any obligation whatsoever, the salary payments became vested as of the dates they accrued. If plaintiff had not been wrongfully suspended, he would have obtained the benefit of the moneys paid as of those dates; he has thus lost the natural growth and productivity of the withheld salary in the form of interest." (*Ibid.*)

Subsequent cases have relied on *Mass* to similarly award section 3287(a) prejudgment interest on damage awards of wages wrongfully withheld. (*Sanders*, *supra*, 3 Cal.3d at pp. 262- 263 [prejudgment interest awarded in mandamus action on wrongfully withheld salary and wage increases]; *Olson v. Cory* (1983) 35 Cal.3d 390, 401-402 (*Olson*) [prejudgment interest awarded in mandamus

10

action on claims for back salary]; *Currie v. Workers' Comp. Appeals Bd.* (2001) 24 Cal.4th 1109, 1118 (*Currie*) [Workers' Compensation Appeals Board has statutory authority to include prejudgment interest in backpay award when employee wrongfully denied reinstatement]; *Goldfarb v. Civil Serv. Com.* (1990) 225 Cal.App.3d 633, 635-637 (*Goldfarb*) [county and civil service commissions must include prejudgment interest on backpay award for wrongful demotion]; *San Diego County Sheriffs Assn. v. San Diego County Civil Serv. Com* (1998) 68 Cal.App.4th 1084, 1086-1087 (*San Diego County Sheriffs*) [local civil service commission must include prejudgment interest in award of backpay for wrongful termination].)

Relevant here are the cases that also recognize the applicability of section 3287(a) "on a trial court judgment following a successful administrative mandamus action to recover wrongfully withheld *benefits*." (*American Federation of Labor*, *supra*, 13 Cal.4th at p. 1022, original italics omitted, italics added.) In *Tripp*, *supra*, 17 Cal. 3d at pages 681-682, we concluded an award of prejudgment interest was properly included in a mandamus action for wrongfully denied welfare benefits under the former aid to the needy disabled program (Welf. & Inst. Code, former §§ 13500-13801). In *Aguilar v. Unemployment Ins. Appeals Bd.* (1990) 223 Cal.App.3d 239, 246, it was held that a trial court properly ordered the California Employment Development Department (EDD) to pay interest on unemployment benefits wrongfully withheld. In *Olson*, we concluded that the plaintiffs were entitled to prejudgment interest on wrongfully withheld judicial salary and pension increases. (*Olson*, *supra*, 35 Cal.3d at p. 406; accord, *Benson v. City of Los Angeles* (1963) 60 Cal.2d 355, 365-366 [interest on widow's pension benefits].)

The parties do not dispute that, under settled precedent, prejudgment interest was properly awarded in this mandamus action challenging SBCERA's

11

denial of Flethez's request for disability retirement benefits retroactive under the inability to ascertain permanency clause of Government Code section 31724. The parties advance, however, very different views as to *when* the right to such retroactive benefits was "certain" and "vested" for purposes of calculating the amount of interest due under section 3287(a).

Flethez argues that county employees have a vested property right in a disability retirement pension from the inception of their employment. He contends that a later court award of retroactive disability retirements benefits after the employee becomes disabled and retires carries with it a vested right to prejudgment interest from the date each retirement benefit payment fell due under the statutory effective date of the retirement allowance. In support, Flethez principally relies on the statements in *Mass*, *supra*, 61 Cal.2d 612, that section 3287(a) "authorizes prejudgment interest on salary payments from the date of accrual to the entry of judgment," that the statute "requires vesting . . . only in order to fix with sufficient certainty the time when the obligation accrues so that interest should not be awarded on an amount before it is due," that "[e]ach salary payment accrued on a date certain," and therefore, "the salary payments became vested as of the dates they accrued." (*Id.*, at pp. 624, 625; accord *Olson*, *supra*, 35 Cal.3d at p. 402 [prejudgment interest is recoverable "on each . . . pension payment from the date it fell due"].) Flethez also relies on *Austin*, *supra*, 209 Cal.App.3d 1528. In *Austin*, the reviewing court applied the reasoning of *Mass* to affirm an award of section 3287(a) prejudgment interest on a retroactive award of county disability retirement benefits — the same type of award of benefits ordered in this case. (*Austin*, at pp. 1533-1534.) Flethez asserts that absent such an award of interest here, he will be denied the benefit of the natural growth and productivity of the retroactive benefits withheld by the SBCERA and

12

correspondingly, the remainder of the members of the SBCERA retirement system will be unjustly enriched by the use of his retirement allowance in the interim.

SBCERA argues that county employees have only an inchoate right to a disability retirement pension, which vests only when the last contingency to the pension is removed. Specifically, SBCERA asserts that under the CERL, the right to a disability retirement and accompanying allowance is not vested until the retirement board to which an application is submitted has reviewed the submitted evidence and finally acts on the application, or at least has the opportunity to do so. Until such time, SBCERA contends, the applicant's benefits claim is also "not certain or capable of being made certain" as required by section 3287(a). According to SBCERA, it is only when the board *wrongfully* denies such an application and withholds disability retirement payments that prejudgment interest begins to run as damages under section 3287(a). SBCERA argues that this distinguishes the instant case from those cases awarding section 3287(a) interest on wrongfully withheld salary, wages, or service pensions — payments that do not require conditions precedent or the inherent delay of an administrative process to determine the plaintiffs' entitlement to them in the first instance. (*Mass*, *supra,* 61 Cal.2d 612; *Sanders*, *supra*, 3 Cal.3d 252; *Olson*, *supra*, 35 Cal.3d 390; *Currie*, *supra*, 24 Cal.4th 1109; *San Diego County Sheriffs*, *supra*, 68 Cal.App.4th 1084; *Goldfarb*, *supra*, 225 Cal.App.3d 633.) SBCERA relies principally on our decision in *American Federation of Labor*, *supra,* 13 Cal.4th 1017 and that of the Court of Appeal in *Weber*, *supra*, 62 Cal.App.4th 1440. SBCERA emphasizes that its "fiduciary duty to safeguard its trust fund for all of its members" requires it not pay benefits prior to the time the applicant meets his or her eligibility burden of proof.

SBCERA has the better argument. As SBCERA contends, vesting in the context of section 3287(a) must be understood in the framework of allowing

13

prejudgment interest as a component of damages. (§ 3287(a) ["A person who is entitled to recover damages . . . , is entitled also to recover interest thereon"].) As such, it has long been settled that the primary purpose of section 3287(a) "is to provide just compensation to the injured party for loss of use of the [underlying] award during the prejudgment period — in other words, to make the plaintiff whole as of the date of the injury." (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 663; *Uzyel v. Kadisha* (2010) 188 Cal.App.4th 866, 919.) It follows that where salary, wage or pension payments have been withheld because of wrongful acts (e.g., *Mass* — wrongful suspension; *Olson* — wrongful denial of salary and pension increases; *Currie* — wrongful refusal to reinstate; *Goldfarb* — wrongful demotion; *San Diego County Sheriffs* — wrongful termination), the plaintiff has been damaged by the failure to receive the payments to which he or she was entitled and would have otherwise received. As we explained in *Mass*, unless the underlying decision "can be sustained" and the defendant thus "relieved of any obligation," the payments became "vested as of the dates they accrued." (*Mass*, *supra*, 61 Cal.2d at p. 625.) In the absence of the wrongful act, the plaintiff would have "obtained the benefit of the moneys paid as of those dates." (*Ibid.*)

The factual situation here is different. Flethez first applied for a service-related disability retirement in June 2008. He did not at that time request a starting date for his benefits earlier than his actual application date. In accordance with its duties under the CERL, SBCERA evaluated and granted his application for benefits retroactive to June 2008. (*McIntyre*, *supra*, 91 Cal.App.4th at p. 734.) Only then, did Flethez request an earlier starting date for his benefits pursuant to the inability to ascertain permanency clause of Government Code section 31724. If SBCERA had thereafter granted him the requested start date, as the trial court later determined it should have done, Flethez would have received an additional lump-sum payment for benefits calculated retroactively from the new deemed

14

application date in July 2000. But Flethez would not have been entitled to receive the benefit payments in 2000 or in any of the years preceding the decision of SBCERA. SBCERA could not by law pay Flethez *any* benefits before he applied for them (Gov. Code, § 31722) and carried his burden (*Rau v. Sacramento County Retirement Bd.*, *supra,* 247 Cal.App.2d at p. 238) of demonstrating his eligibility to SBCERA's satisfaction. (Gov. Code, § 31724.)

In other words, Flethez was not wrongfully denied the use of the benefit moneys in any of the years prior to SBCERA's decision on his request. (*Weber*, *supra*, 62 Cal.App.4th at p. 1450 ["That the payment is retroactive *does not mean that the Board wrongfully denied benefits for that period*"].) Flethez was injured only when SBCERA erroneously denied his request for a starting date under the inability to ascertain permanency clause of Government Code section 31724. For purposes of prejudgment interest as a component of damages under section 3287(a), until the SBCERA made its eligibility determination on his request, there were no damages stemming from an underlying monetary obligation "capable of being made certain" and his right to an award of retroactive disability benefits under the inability to ascertain permanency clause did not vest. (§ 3287(a).) As amicus curiae[7] contend, county employees do not have a vested right to disability retirement benefits before such time. (*Weber*, *supra*, 62 Cal.App.4th at p. 1451 [until a member makes the necessary showing under the CERL, "his or her right is

---

[7]    In addition to the briefs of the parties, we have received an amicus curiae brief from the Alameda County Employees' Retirement Association, Kern County Employees' Retirement Association, Los Angeles County Employees' Retirement Association, Marin County Employees' Retirement Association, Sacramento County Employees' Retirement Association, San Joaquin County Employees' Retirement Association, Tulare County Employees' Retirement Association, and Ventura County Employees' Retirement Association.

15

merely inchoate"].)  Rather, the "vested right" members possess is to have their CERL retirement board make an "eligibility-to-benefits determination."  (*County of Alameda v. Bd. of Retirement* (1988) 46 Cal.3d 902, 908.)

We find the CERL disability retirement framework to be similar in this regard to the unemployment insurance administrative process this court discussed in *American Federation of Labor*, *supra*, 13 Cal.4th 1017.  In *American Federation of Labor,* we considered the "narrow question" of "whether an administrative law judge may award interest on a payment of retroactive unemployment insurance benefits."  (*Id.*, at p. 1021.)  We answered that question in the negative, finding no express or implied authority for such an award.  (*Id.*, at pp. 1022-1023, 1042-1043.)  Of assistance here is our explanation that "[u]nder the administrative scheme of the Unemployment Insurance Code, the EDD has no underlying monetary obligation to the claimant until it determines the claimant is eligible for the benefits."  (*Id.*, at p. 1023.)  "[T]he Unemployment Insurance Code allows the EDD, and unemployment insurance claimants, a reasonable time to process each legitimate claim.  Benefits are not due immediately after a claim is filed following employment termination.  Rather, they are due promptly only after a claimant has established benefit eligibility.  [Citation.]  The statutory scheme thus accounts for the fact that delays are inherent in the entitlement claim review process and are necessary to ensure [that] only those claimants who have established eligibility will receive benefits. . . . *The delays inherent in this system are not, however, tantamount to a 'wrongful withholding' of benefits giving rise to a right to section 3287(a) prejudgment interest once the Board rules in favor of the claimant*."  (*Id.*, at p. 1026, italics added.)  Only if the Board *wrongfully* denies benefits, we explained, would the claimant be entitled to section 3287(a) interest as part of a court award of "compensation for the egregious *delay* in receiving benefits caused by the necessity of filing a mandamus action challenging the

16

Board's denial." (*American Federation of Labor*, *supra*, 13 Cal.4th at p. 1022.) "[C]laimants may not argue that their benefits have been *wrongfully* withheld until the Board erroneously determines they are ineligible . . . ." (*Id.*, at p. 1037.) "Thus, '[t]he central theme of [*American Federation of Labor*] ... is that interest is not available absent an agency decision or action which has resulted in wrongful withholding of, and corresponding delay in receiving, benefits to which the claimant is entitled.' " (*Currie*, *supra*, 24 Cal.4th at p. 1118.)

Like the unemployment insurance benefits at issue in *American Federation of Labor*, Flethez's disability retirement benefits under the CERL were not due before SBCERA received his application and made a determination of his eligibility. Flethez experienced a wrongful withholding of his benefits when the Board erroneously denied his application for a retroactive disability retirement allowance under the inability to ascertain permanency clause, thus necessitating this mandamus action. His entitlement to prejudgment interest under section 3287(a) commenced on the date of wrongful denial.[8] However, because the record before us is not entirely clear as to that date, we shall remand the matter for such factual determination.[9]

---

[8] The reviewing court in *Austin*, *supra*, 209 Cal.App.3d 1528, concluded that plaintiff Austin was entitled to section 3287(a) prejudgment interest on the trial court's award of retroactive disability retirement benefits under the CERL from the last day of his service — the date he became entitled to such benefits — up to the date upon which he was granted the benefits. (*Austin*, at pp. 1530-1534.) We disapprove *Austin v. Bd. of Retirement*, *supra*, 209 Cal.App.3d 1528 to the extent it is inconsistent with this opinion.

[9] We note that Flethez has argued only that SBCERA's erroneous denial of benefits entitles him to prejudgment interest calculated from July 15, 2000. He has not submitted any argument supporting an alternate date. Nor has he claimed that SBCERA's decision was unreasonably delayed, and therefore we express no opinion on whether a demonstrated unreasonable delay in deciding an applicant's

*(footnote continued on next page)*

## III.  DISPOSITION

The judgment of the Court of Appeal is affirmed.  The matter is remanded to the Court of Appeal with directions that it remand the matter to the superior court for a determination of the date SBCERA wrongfully denied Flethez's application for a retroactive disability retirement allowance under the inability to ascertain permanency clause of Government Code section 31724 and a recalculation of the amount of prejudgment interest owed based on such date.

**CANTIL-SAKAUYE, C. J.**

**WE CONCUR:**

**WERDEGAR, J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

---

*(footnote continued from previous page)*

eligibility for benefits could result in a superior court finding that benefits were wrongfully withheld earlier than the retirement board's eligibility decision.

**CONCURRING OPINION BY CUÉLLAR, J.**

I concur in the majority opinion and its conclusion that prejudgment interest under Civil Code section 3287, subdivision (a) begins to run only when a county retirement board wrongfully denies a member's application for retroactive disability retirement benefits. I concur, too, in the court's decision directing the Court of Appeal to remand the matter to the superior court for a determination of the date on which the San Bernardino County Employees Retirement Association (SBCERA) wrongfully denied plaintiff's application for retroactive disability benefits. It would be helpful to the trial court on remand, though, for us to more fully explain when a wrongful denial occurs. The standard I endorse is the one articulated by SBCERA: A wrongful denial occurs on the date the retirement system's governing board should have determined that the member was entitled to retroactive benefits.

CUÉLLAR, J.

WE CONCUR:

WERDEGAR, J.
LIU, J.

1

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Flethez v. San Bernardino County Employees Retirement Association
_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 236 Cal.App.4th 65
**Rehearing Granted**

_____

**Opinion No.** S226779
**Date Filed:** March 2, 2017
_____

**Court:** Superior
**County:** San Bernardino
**Judge:** David Cohn

_____

**Counsel:**

Michael P. Calabrese; Arias & Lockwood and Christopher D. Lockwood for Defendant and Appellant.

Nossman, Ashley K. Dunning, Michael V. Toumanoff and Catherine F. Ngo for Alameda County Employees' Retirement Association, Kern County Employees' Retirement Association, Los Angeles County Employees' Retirement Association, Marin County Employees' Retirement Association, Sacramento County Employees' Retirement Association, San Joaquin County Employees' Retirement Association, Tulare County Employees' Retirement Association and Ventura County Employees' Retirement Association as Amici Curiae on behalf of Defendant and Appellant.

Reed Smith, Harvey L Leiderman and Jeffrey R. Rieger for California Public Employees' Retirement System as Amicus Curiae on behalf of Defendant and Appellant.

Faunce, Singer & Oatman, Mark Ellis Singer, Edward L. Faunce and Larry J. Roberts for Plaintiff and Respondent.

Law Offices of John Michael Jensen and John Michael Jensen as Amici Curiae on behalf of Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Michael P. Calabrese
San Bernardino County Employees' Retirement Association
348 West Hospitality Lane
San Bernardino, CA  92414
(909) 915-2039

Ashley K. Dunning
Nossman
50 California Street, 34th Floor
San Francisco, CA  94111
(415) 398-3600

Edward L. Faunce
Faunce, Singer & Oatman
315 North Vine Street
Fallbrook, CA  92028
(760) 451-7377