**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT EDWARD TRAVIS and KERRI JUNE WILKERSON, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> NATIONSTAR MORTGAGE, LLC and VERIPRISE PROCESSING SOLUTIONS, LLC, <br><br> Defendants-Appellees. | No. 16-55388 <br><br> D.C. No. 2:15-cv-06516-AB-KS <br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted November 6, 2017
Pasadena, California

Before: TASHIMA and BERZON, Circuit Judges, and PAYNE,<sup>**</sup> District Judge.

---

       *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       **    The Honorable Robert E. Payne, United States District Judge for the Eastern District of Virginia, sitting by designation.

Robert Travis and Kerri Wilkerson ("Homeowners") appeal two district court orders dismissing with prejudice their claims under the California Homeowner Bill of Rights ("HBOR"), Cal. Civ. Code § 2923.4, *et seq.*, brought against their former mortgage servicer, Nationstar Mortgage LLC ("Nationstar"), and trustee under the deed of trust that secured their mortgage, Veriprise Processing Solutions, LLC ("Veriprise").

**1.** After argument, Nationstar and Veriprise moved to dismiss the Homeowners' appeal as to their claims under former Cal. Civ. Code §§ 2923.6 and 2923.55, sections repealed on January 1, 2018.[1]   But, under the rule of "statutory continuity," *Cort v. Steen*, 36 Cal. 2d 437, 440 (1950), "when a statute is repealed without a saving clause and as a part of the same act it is simultaneously re-enacted in substantially the same form and substance, all rights and liabilities which accrued under the former act will be preserved and enforced," *Chambers v. Davis*, 131 Cal. App. 500, 506 (1933); *accord S. Coast Reg'l Comm'n v. Gordon*, 84 Cal. App. 3d 612, 618-19 (1978).  Here, former section 2923.55 was reenacted as section 2923.5, word-for-word as to all provisions relevant to this appeal.  Former section 2923.6 was reenacted with somewhat different language as section

---

[1] All undesignated citations are to the California Civil Code.

2924.11, but section 2924.11 still protects the same rights the Homeowners seek to enforce here. The Homeowners thus may still pursue their claims under former sections 2923.55 and 2923.6.

**2.** The district court reasoned that HBOR's prohibition on dual tracking applies only to the *first* loan modification application submitted by a borrower, because "by its terms, § 2923.6(c) applies with respect to a pending application for a *first* lien loan modification." In so doing, the district court misread the phrase "first lien loan modification." HBOR defines a "first lien" as "the most senior mortgage or deed of trust." Cal. Civ. Code § 2920.5(d). The adjective "first" modifies the noun "lien," not the noun "modification"; in mortgage parlance, a "first lien" is one with priority over all others.

Nationstar and Veriprise, relying on former section 2923.6(c)(3), argue a variant of the district court's position. However, former section 2923.6(c)(3) required a servicer to take a sequence of steps to avoid dual tracking; that sequence did not depend on a modification application being a borrower's first. Further, several other subdivisions in former section 2923.6 made sense only if subdivision (c)'s prohibition on dual tracking applied to loan modification applications for

3

previously modified loans.  *See* former Cal. Civ. Code § 2923.6(f); former Cal. Civ. Code § 2923.6(g).

However, although the former section 2923.6(c) prohibition on dual tracking did apply to new loan modification applications where there had been an earlier application, former section 2923.6(g) required mortgage servicers to evaluate such repeat applications only if there had been "a material change in the borrower's financial circumstances since the date of the borrower's previous application . . . documented by the borrower and submitted to the mortgage servicer."  Former Cal. Civ. Code § 2923.6(g).[2]  The Homeowners' original complaint did not allege that these conditions were met.  The only change in circumstances alleged in the complaint was that, under the terms of the modified loan agreement, the Homeowners' mortgage payment increased.  That change concerns the specific mortgage terms, not "the borrower's financial circumstances," and so does not suffice.  Former Cal. Civ. Code § 2923.6(g).

We therefore affirm, but on different grounds, the district court's dismissal of the Homeowners' former section 2923.6(c) claim.  But we remand to allow the

---

[2] The 2011 document was titled a "Loan Modification Agreement," and its terms increased the loan's unpaid principal balance, indicating that the document *was* a loan modification.

Homeowners to seek to amend their complaint as to that claim.[3] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**3.** The district court also erred in dismissing the Homeowners' claims that Nationstar inaccurately completed and recorded a "due diligence declaration" in violation of section 2924.17[4] and former section 2923.55. Nationstar's failure accurately to complete the declaration was more than "merely check[ing] the wrong box." On the facts as alleged, Nationstar could not have accurately checked *any* box on its due diligence form; it neither "assess[ed] the borrower's financial situation and explore[d] options for the borrower to avoid foreclosure," even under a "limited" interpretation of that checkbox, *see Mabry v. Superior Court*, 185 Cal. App. 4th 208, 232 (2010), nor "tried with due diligence to contact the borrower."

The Homeowners did not, however, allege (or argue) how the inaccurately completed due diligence form itself could have caused them injury. In particular, they did not explain if an *accurately* completed due diligence form attached to the

---

[3] Former section 2923.6(g) was repealed as of January 1, 2018, and was not replaced with an analog in current section 2924.11. On remand, the parties may address the effect, if any, of this particular statutory change, under which borrowers who previously submitted a loan modification application no longer need to allege material changes in financial circumstances to state a claim for dual tracking.

[4] Section 2924.17 has not been repealed.

notice of default would have had a different legal or factual consequence in the foreclosure process from the one that was attached. We thus affirm the district court's dismissal of the Homeowner's claims with respect to the claims under section 2924.17 and former section 2923.55, but, again, instruct the district court to allow the Homeowners to seek to amend their complaint.

**4.** Contrary to Nationstar and Veriprise's argument before us, the Homeowners sufficiently pled that Nationstar was subject to the mandates of section 2923.7(a).[5] The Homeowners allege they did not request a single point of contact "because Nationstar's procedure is to automatically assign a [single point of contact]," which it did here. Once a "mortgage servicer . . . promptly establish[es] a single point of contact," Cal. Civ. Code § 2923.7(a), under HBOR, that contact is subject to the remaining mandates of section 2923.7(b)-(e); nothing in the statute indicates that further requests for service are required. Holding otherwise would require borrowers to engage in an absurd endeavor—requesting a single point of contact already assigned—to ensure that their contact is required to follow the mandates of HBOR.

---

[5] Section 2923.7 has not been repealed.

**5.** Finally, with regard to the Homeowners' claims under section 2923.7 and former section 2924.10, we hold that the general damages theory alleged in the Homeowners' complaint comports with California law. As in *Alvarez v. BAC Home Loans Servicing, L.P.*, we accept here as sufficient the borrowers' general "alleg[ations] that the improper handling of their applications deprived them of the opportunity to obtain loan modifications, which they allege they were qualified to receive and would have received had their applications been properly reviewed, and alternatively, that the delay in processing deprived them of the opportunity to seek relief elsewhere." 228 Cal. App. 4th 941, 951 (2014). "'Although there was no guarantee the modification would be granted had the loan been properly processed, the mishandling of the documents deprived [the Homeowners] of the possibility of obtaining the requested relief.'" *Id.* at 949 (quoting *Garcia v. Ocwen Loan Servicing, LLC*, No. C 10-0290 PVT, 2010 WL 1881098, *3 (N.D. Cal., May 10, 2010)). "Should [the Homeowners] fail to prove that they would have obtained a loan modification absent defendants' negligence, damages will be affected accordingly, but not necessarily eliminated." *Id.*

Although *Alvarez* concerned a common law negligence claim, HBOR specifically authorizes the same economic damages as those recognized in tort

cases. HBOR's current and former section 2924.12(b) provide for "actual economic damages pursuant to [Cal. Civ. Code] Section 3281," and section 3281, in turn, "defines damages as monetary compensation for one who suffers detriment from the unlawful act or omission of another," *Flethez v. San Bernardino Cty. Emps. Ret. Ass'n*, 2 Cal. 5th 630, 635 n.2 (2017) (internal quotation marks omitted).

Further, even though HBOR does not require servicers to provide borrowers with loan modifications or any other specific alternative to foreclosure, *see* Cal. Civ. Code § 2923.4(a), the Homeowners still could have been harmed by Nationstar's failure to communicate with them about the status of their loan modification application and about other alternatives to foreclosure. Had there been such communication, the Homeowners may have been able to pursue either a loan modification or some alternative that would have caused them less harm than the foreclosure that occurred—a standard sale, for example.

In other words, the alleged harm in this case is not that the Homeowners were not offered some specific foreclosure alternative, but that they lost the chance to discuss, pursue, and be evaluated for *any* alternative, from Nationstar or another entity or individual, despite HBOR's various mandates to the contrary. HBOR's

8

private right of action for violations of lenders' obligations promptly to communicate with borrowers would serve no purpose if borrowers could not sue for damages caused by failures to communicate promptly. *See* Cal. Civ. Code § 2924.12(b).

However, the Homeowners' actual allegations require further specification. The Homeowners allege that, if they "were denied for a loan modification they would have . . . sought some other type of foreclosure alternative such as a standard sale of the property." These allegations lack sufficient details to survive a motion to dismiss, including how the foreclosure alternatives the Homeowners would have sought, had they received an answer to their application from Nationstar, would have avoided or reduced the damages they allege.

We thus deny Nationstar and Veriprise's motion to dismiss the Homeowners' appeal, and affirm the district court's dismissal of the Homeowners' claims. We remand to allow the Homeowners to seek to amend their claims under former sections 2923.55, 2923.6, and 2924.10, as well as under sections 2923.7 and 2924.17.

**MOTION TO DISMISS DENIED. REVERSED AND REMANDED.**